**Jacob A. HLAVINKA and Stuart N. Wilson, Appellants,**

v.

**Harold L. GRIFFIN, M.D., Appellee.**

No. 13–86–383–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 26, 1986.

Stuart N. Wilson, Irving C. Stern & Associates, Houston, for appellants.

Ramie H. Griffin, Jr., Beaumont, Rob Ramsey, Wharton, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order awarding expenses to appellee Griffin on a finding that appellants abused the discovery process. Appellants, Hlavinka and his counsel, Honorable Stuart N. Wilson, raise twenty points of error. In substance, they contend that the trial court was without jurisdiction to enter the order because appellant Hlavinka had entered a complete non-suit; that no evidence supported the award of expenses; and that the trial court abused its discretion in imposing sanctions. We affirm.

Appellant Hlavinka instituted divorce proceedings against his wife and sued appellee for alienation of his wife's affec-

tions. Suit was filed on April 23, 1986, in Wharton County. At the same time, Hlavinka moved the court to expedite discovery by allowing him to take appellee's deposition, at appellant Wilson's Houston offices in Harris County, on seventy-two hours' notice. The motion was granted that afternoon. Notice of intent to take appellee's deposition on May 9 was sent to appellee on May 2, 1986. Appellee appeared with his attorney at the appointed time and place, but neither appellant Hlavinka nor his attorney, Wilson, was there. Appellee then filed two motions, one for expenses and attorney fees (Tex.R.Civ.P. 203), and one for sanctions (Tex.R.Civ.P. 215). After an evidentiary hearing, the trial court granted the motion for sanctions and awarded expenses and attorney fees.

■ Appellants first contend that the non-suit, taken by Hlavinka on the morning of the sanctions hearing, deprived the trial court of jurisdiction to hear the motion for sanctions. This contention is without merit. Tex.R.Civ.P. 164 grants a plaintiff the almost unlimited right to take a non-suit. The rule does provide, however, "In the event a motion for sanctions is pending, ... the non-suit shall have no effect upon the liability for attorney fees, sanctions, or other costs." Rule 164 expressly permits the trial court to proceed on pending motions for sanctions after a non-suit. *See Roberson v. Rollins*, 710 S.W.2d 180 (Tex.App.—Eastland 1986, writ ref'd n.r.e.).

Appellants attack certain of the trial court's findings of fact and conclusions of law, contending that no evidence supports them. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

Appellant Wilson testified that, as attorney for petitioner in the divorce suit, he moved to expedite discovery in the case because he wanted the deposition of appellee prior to the hearing on temporary orders. The record reflects that temporary orders by agreement were entered on May 6, three days before the day set for taking appellee's deposition, thereby eliminating the necessity to depose appellee so quickly. Appellant stated that he told his secretary to call Eagle Lake Hospital to leave a message for appellee (a physician) not to come to the deposition. However, he did not say whether the secretary made the call, or when he told her to call, nor did he say why he told her to call appellee at the hospital instead of his office or home. The logical place to have reached appellee was at his office, which was also appellee's address for service during the suit.

Appellee testified that he was a physician specializing in head and neck surgery. His office was in Columbus, Colorado County. He stated that he received notice of the deposition, scheduled for May 9, about May 3 or 5. He had to drive to Beaumont to retain an attorney he knew. He retained his attorney on May 7, paying him a $5,000 non-refundable retainer fee and agreeing to pay a fee of $175 per hour. On May 8, he also employed local counsel in Wharton, where the suit was filed. Appellee testified he paid this attorney a $500 non-refundable retainer fee and agreed to be billed at $125 per hour. Appellee stated that he lost time from his medical practice on Wednesday afternoon, Thursday afternoon, and all day Friday. His "conservative and reasonable" estimate of lost income as a result of preparing for the deposition was $2,500. He and his attorney rented a hotel room in Houston on Thursday night, the night before the appointment for the deposition, at a cost of $107 or $127. Appellee also rented an airplane, at a cost of $425, so he could pick up his attorney in Beaumont and fly to Houston. This was necessary so that they could spend more time preparing for the deposition in the brief time allowed them.

Honorable Ramie H. Griffin, Jr., appellee's attorney, testified that he spent at least fifteen hours preparing for the deposition. This did not count travel time or the amount of time spent out of his office. He testified that $175 per hour was a reasonable fee for handling an out-of-county matter. He also stated that, when he discovered that an agreed order had been entered on the application for temporary orders, he tried twice to contact the trial judge to determine if the deposition of appellee on such short notice was necessary. He was unable to reach the judge, but the judge's secretary advised him to attend the deposition as ordered. Attorney Griffin further stated that he did not attempt to call appellant Wilson, because it was his customary strategy not to deal informally with opposing attorneys he did not know personally.

Based on the above evidence and other testimony, the trial court found as fact that appellee acted reasonably in appearing at the deposition, that he received no notice that the deposition was cancelled by appellants, nor did appellants make a reasonable effort to notify appellee of the cancellation. Additionally, the trial court concluded that appellants had abused the discovery process and that appellee incurred the following expenses: $2,500 in attorney's fees (Griffin), $1,500 in attorney's fees (Ramsey), $425 in airplane transportation expenses, and $115 in hotel expenses, for a total of $5,040. The trial court ordered appellants to pay that amount.

■ Appellant's "no evidence" argument as to these findings and conclusions is directed primarily to the fact that appellee never testified that the expenses he incurred were solely the result of appellant's failure to conduct the scheduled deposition. This was not necessary, as appellee testified to many more expenses than those that were awarded. The trial court could easily have concluded from all of the testimony, summarized above, that certain expenses were incurred due to appellants' failure to depose appellee after requiring him to appear, and could easily have segre-

gated those expenses from the rest, reaching the same result, had the appellants so requested.

 We hold that evidence received at the sanctions hearing was sufficient to support the trial court's findings of fact in the face of a "no evidence" challenge. We view the evidence in the light most favorable to the challenged findings. *See Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981).

 The trial court, sitting as a trier of fact, has both the right and the duty to weigh the evidence and to draw reasonable inferences and deductions. *Alkas v. United Savings Association of Texas, Inc.*, 672 S.W.2d 852, 856 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *In re Estate of Page*, 544 S.W.2d 757, 761 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Although one or two of the facts found by the trial court and challenged by appellants were not explicitly testified to, all of the challenged findings and conclusions were certainly reasonable deductions and inferences from the evidence that was received.

 Appellants next contend that the trial court erroneously awarded expenses under Tex.R.Civ.P. 215, when Tex.R.Civ.P. 203 provided the appropriate remedy. Rule 203 certainly would have supported the trial court's actions. However, Rule 215(3) provides in part: "If the court finds a party is abusing the discovery process in seeking, making or resisting discovery ... then the court in which the action is pending may impose any sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8) of paragraph 2b of this rule." Rule 215(2)(b)(2) authorizes the trial court to award the expenses of discovery as sanctions. We conclude that Rule 215 also supports the trial court's ruling in this case.

 Finally, appellants contend that the trial court abused its discretion in imposing sanctions, when a valid court order existed authorizing appellants to depose appellee on short notice. This contention is without merit. The trial court's findings of fact focus not on the expedited discovery, and

not on the fact that appellee was required to leave his practice on short notice and retain counsel, prepare for the depositions, and travel to Houston to be deposed. Instead, the findings address the failure of appellants, who had requested early discovery, to notify appellee that they had cancelled the deposition.

We have carefully considered all of appellants' points of error, and they are overruled. The trial court's order imposing sanctions is affirmed.