Norbert **FELDERHOFF**, Petitioner,

v.

Louise Felderhoff **KNAUF**, Marie Felderhoff **Spaeth**, and Della Rose Felderhoff, Respondents.

No. D–1373.

Supreme Court of Texas.

Nov. 13, 1991.

Richard H. Kelsey, Denton, for petitioner.

R. Jack Ayres, Jr., Dallas, for respondents.

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

PER CURIAM.

We consider whether a plaintiff who has taken a nonsuit is precluded from complaining on appeal of monetary sanctions granted by the trial court before the dismissal. We hold that he is not.

Norbert Felderhoff filed suit contesting his mother's will. Felderhoff's sisters,[1] the beneficiaries and proponents of the will, moved for sanctions pursuant to Rule 215 of the Texas Rules of Civil Procedure[2] for abuse of the discovery process. After a hearing, Felderhoff was ordered to pay $20,000 as sanctions for his actions during discovery. Subsequent to the sanction order, Felderhoff dismissed the lawsuit in accordance with Rule 162. In its order of dismissal, the trial court dismissed the case without prejudice "less and except the Motion for Sanctions and Order thereon and the Re-hearing that was filed ... [and] [t]hat the said Re-hearing and Motion for Sanctions and Order shall survive and the Court retain jurisdiction in these matters only." The trial court subsequently overruled Felderhoff's motion for rehearing of the sanctions and reaffirmed its sanction order. The court of appeals dismissed Felderhoff's appeal of the sanction order, holding that a plaintiff who has taken a nonsuit cannot complain on appeal of any sanctions imposed by the trial court before the nonsuit.

---

1. Named as defendants to Felderhoff's suit were Louise Felderhoff Knauf, Marie Felderhoff Spaeth and Della Rose Felderhoff Voth.

2. Rule 215.3 reads, in pertinent part, as follows: If the court finds a party is abusing the discovery process in seeking, making or resisting discovery ... then the court in which the action is pending may, after notice and hearing, impose any appropriate sanction authorized.... Such order of sanction shall be subject to review on appeal from the final judgment.
Tex.R.Civ.P. 215.3. All references are to the Texas Rules of Civil Procedure unless otherwise indicated.

Rule 215.3 provides that sanction orders "shall be subject to review on appeal from the final judgment." In other words, "[d]iscovery sanctions are not appealable until the district court renders a final judgment." *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). A judgment is generally considered to be a final judgment when it disposes of all parties and all issues in a case. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985); *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). In this case, the trial court's judgment disposed of all parties and all issues before it. Therefore, Felderhoff's right to appeal the sanction order accrued when the trial court rendered its judgment.

A nonsuit does not act as a waiver, bar or adjudication precluding plaintiffs from complaining on appeal of monetary sanctions granted before the nonsuit. If a nonsuit were to preclude plaintiffs from complaining of sanctions on appeal, plaintiffs such as Felderhoff would have no choice but to continue the litigation process, whether further litigation was appropriate or not.

Consequently, while Felderhoff may refile his lawsuit subject to certain conditions, the imposition of monetary sanctions is appealable. To the extent it conflicts with our holding in this case, we disapprove *Schein v. American Restaurant Group, Inc.*, 794 S.W.2d 78 (Tex.App.—Fort Worth 1990, writ denied).

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the Court grants Felderhoff's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the cause to that court for further proceedings.