**Clifford SCHEIN d/b/a J & B Cash Express, Appellant,**

v.

**AMERICAN RESTAURANT GROUP, INC., Appellee.**

No. 2–91–106–CV.

Court of Appeals of Texas, Fort Worth.

April 8, 1992.

Rehearing Overruled May 6, 1992.

Shawn M. Frazin, Dallas, for appellant.

Stagner & Stagner, and Cynthia L. Stagner, Sherman, for appellee.

Before HILL, MEYERS and DAY, JJ.

## OPINION

HILL, Justice.

Clifford Schein, doing business as J & B Cash Express, appeals from a take-nothing summary judgment granted in favor of American Restaurant Group, Incorporated, the appellee. Schein contends in two points of error that the trial court erred in granting American Restaurant's motion for summary judgment because American Restaurant's summary judgment evidence failed to negate any elements of his cause of action and because an interlocutory sanctions order in another case, an order relied upon by the trial court in granting American Restaurant's motion for summary judgment, is not a final judgment and is without collateral estoppel effect.

We affirm because American Restaurant's summary judgment proof established that there is no genuine issue as to any material fact so that it is entitled to judgment as a matter of law. In reaching that conclusion, we hold that discovery sanctions imposed in the prior case before Schein's voluntary nonsuit remain in effect in this case.

Schein argues in points of error numbers one and two that the trial court erred by granting American Restaurant's motion for summary judgment because its summary judgment evidence failed to negate any elements of his cause of action and because the discovery sanction order relied upon by the trial court has no application in this case since it is not a final judgment and is without collateral estoppel effect.

Schein brought suit against American Restaurant, alleging that he had suffered damages as a result of American Restaurant's action in stopping payment on a payroll check that it had issued to an employee. He alleged causes of action in both contract and tort, seeking actual damages, special and consequential damages, punitive and exemplary damages, and attorney's fees.

Schein nonsuited that original case after the trial court imposed discovery sanctions against him, sanctions that precluded him from introducing certain evidence in that cause and that ordered him to pay $800.00 in attorney's fees. After the nonsuit, Schein appealed the sanction order to this court. We dismissed the appeal, holding that he was precluded from complaining about the sanctions on appeal after taking a nonsuit. *Schein v. American Restaurant Group, Inc.*, 794 S.W.2d 78 (Tex. App.—Fort Worth 1990, writ denied). Subsequently, the Supreme Court, in *Felderhoff v. Knauf*, 819 S.W.2d 110, 111 (Tex. 1991), held that monetary sanctions were appealable following a nonsuit, disapproving of *Schein* to the extent that it conflicted with its opinion in *Felderhoff*.

Schein later refiled his lawsuit against American Restaurant. American Restaurant moved for summary judgment, alleging that the sanctions imposed in the prior case make it impossible for Schein to introduce evidence to prove his case. It reasons that there is therefore no genuine material issue of fact.

■ The issue on the appeal of a summary judgment is whether the movant met its burden for summary judgment by establishing that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

The summary judgment evidence reflects, as contended by American Restaurant, that Schein is effectively prevented from proving essential elements of its cause of action if discovery sanctions imposed in the initial lawsuit are still in effect in the second suit, filed by Schein after taking a nonsuit in the first case.

■ In its sanctions order in the initial lawsuit, the trial court stated that Cash Express (Schein) was barred from introducing certain documents "during the course of any proceeding or trial in this cause...." It also barred Cash Express (Schein) from introducing certain evidence "during the trial or course of any proceeding or trial in this cause...." We believe that the only reasonable interpretation of the court's use of the term "this cause" in the sanctions order is any cause of action

between these two parties arising out of the facts that constitute the basis of the cause of action asserted in that case. Otherwise, any discovery sanction that might be imposed would be rendered meaningless if it could be avoided simply by filing a nonsuit. *See Logan v. First Bank of Houston, Tex.*, 736 S.W.2d 927, 931 (Tex. App.—Beaumont 1987, writ ref'd n.r.e.).

Because this cause of action is based upon the same facts that constituted the basis of the original cause of action, we hold that the original sanctions order precludes introduction of the same evidence in Schein's second case, even though Schein asserts new theories of recovery in the second cause. Since the sanctions preclude Schein from proving his case, we hold that American Restaurant established that there is no genuine issue of material fact.

Schein presents us with several theories as to why the sanctions imposed in the first case would not be applicable here, but he presents us with no authority that holds that discovery sanctions imposed in a lawsuit are not applicable in a second lawsuit involving the same parties, based upon the same set of facts, where a nonsuit was taken in the first lawsuit by the party against whom the discovery sanctions were imposed.

■ Schein presents us with a number of cases, including *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970), that set forth the general rule in summary judgment cases that the question before the court is not whether the summary judgment proof raises fact issues with reference to the essential elements of the opponent's claim, but is whether it establishes as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. If any of the many cases cited by Schein relate to a case in which a plaintiff is precluded from establishing an essential element of its claim by discovery sanctions, it has failed to call it to our attention. We hold that when the summary judgment proof shows that a plaintiff is precluded by discovery sanctions from establishing an essential element of its claim the movant has shown that there is no *genuine* issue of material fact. We overrule points of error numbers one and two.

The judgment is affirmed.