**AETNA CASUALTY & SURETY COMPANY, Relator,**

v.

**The Honorable John J. SPECIA, Jr., Judge, Respondent.**

No. D–2779.

Supreme Court of Texas.

March 24, 1993.

David V. Jones, Carol A. Jenson, San Antonio, for relator.

John N. McCamish, Jr., Jonathan David Pauerstein, John M. Darby, Kevin M. Warburton, San Antonio, for respondent.

## OPINION

HIGHTOWER, Justice.

In this original proceeding, Relator Aetna Surety & Casualty Company (Aetna) seeks a writ of mandamus directing the trial judge to vacate his order excluding the testimony of certain fact and expert witnesses. We conditionally grant the writ of mandamus.

After a dispute arose between Aetna and Sanger & Altgelt Insurance Company (Sanger & Altgelt), Aetna sued Sanger & Altgelt alleging negligence, breach of fiduciary duty and breach of the duty of loyalty. On November 26, 1990, approximately two weeks before trial, Sanger & Altgelt filed a motion to exclude the testimony of Aetna's expert and fact witnesses because (1) Aetna did not provide telephone numbers or a description of the knowledge possessed by twenty-four fact witnesses and (2) Aetna did not timely designate two expert witnesses. On November 30, 1990, the trial judge granted Sanger & Altgelt's motion

and excluded Aetna's expert and fact witnesses. On December 3, 1990, Aetna nonsuited.

On December 21, 1990, Aetna filed the present action against Sanger & Altgelt alleging only fraud.[1] Sanger & Altgelt filed a motion to enforce the sanctions in the previous lawsuit. The trial judge granted the motion and precluded Aetna from presenting any expert or fact witnesses at trial.

### I.

Aetna contends that a sanction excluding a plaintiff's witnesses for failure to supplement a proper discovery request does not survive a nonsuit. We agree.

Rule 162 of the Texas Rules of Civil Procedure provides that a plaintiff may take a nonsuit any time before it introduces all its evidence other than rebuttal evidence.[2] TEX.R.CIV.P. 162. Subject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief. *Ashpole v. Millard*, 778 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1989, no writ). A plaintiff's right to take a nonsuit is important and firmly rooted in the jurisprudence of our state. Rule 162 should be liberally construed in favor of the right to take a nonsuit. *See Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982).

Whether a discovery sanction survives a nonsuit depends upon the nature of the sanction involved.[3] If a sanction is aimed

1. Apparently the statute of limitations barred all other causes of action.

2. Rule 162 reads as follows:

   At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

   Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the

   time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court. TEX.R.CIV.P. 162.

3. Other jurisdictions that have considered whether a sanction survives after a voluntary dismissal focus on the purpose of the sanction imposed. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990) (failure to impose Federal Rule 11 sanctions after a voluntary dismissal would thwart the Rule's purpose of deterrence because the litigant "would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers.'"); *Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992); *Berko v. Willow Creek I Neighborhood Ass'n, Inc.*, 812 P.2d 817 (Okla.Ct.App.1991).

at insuring a party is afforded a fair trial and not subjected to trial by ambush, the reason for imposing the sanction no longer exists after a party takes a nonsuit.[4]

Rule 215(5) provides that a party who fails to supplement the names of expert and fact witnesses in response to a proper discovery request is prohibited from offering the testimony of an expert witness or of any person having knowledge of a discoverable matter.[5] TEX.R.CIV.P. 215(5). "The salutary purpose of Rule 215(5) is to require complete responses to discovery so as to promote responsible assessment of settlement and to prevent trial by ambush." *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 914 (Tex.1992). If the trial is postponed, neither the language of the rule nor its purpose requires that the sanction remain in effect. *See Alvarado,* 830 S.W.2d at 916 n. 5; *H.B. Zachry Co. v. Gonzalez,* 847 S.W.2d 246, 246 (Tex.1993). A nonsuit effects such a postponement of trial. Thus, if a plaintiff takes a nonsuit, the reasons for imposing Rule 215(5) sanc-

tions in a subsequent suit no longer exist.[6] Therefore, due to the importance of a plaintiff's right to nonsuit and the nature of the sanction involved in this case, we conclude that a sanction excluding witnesses for failure to supplement a proper discovery request does not survive a nonsuit.

■ In this case, Aetna's witnesses were excluded in its first suit for failure to timely supplement. Aetna then took a nonsuit. Aetna subsequently filed this suit based on the same facts and issues of the previous suit. In the current suit, Aetna will have ample time to identify its fact and expert witnesses and Sanger & Altgelt will have ample time to interview and depose Aetna's witnesses. Thus, Sanger & Altgelt will have a meaningful opportunity to assess possible settlement and will not be subjected to trial by ambush. Since sanctions excluding witnesses for failure to timely supplement do not survive a nonsuit, we conclude that the sanction imposed in the

---

4. Rule 215 permits a wide range of sanctions for a variety of purposes—to insure a fair trial, to compensate a party for past prejudice, to punish a party, and to deter certain bad faith conduct. Some of these sanctions might appropriately survive a nonsuit. For instance, a monetary sanction may be imposed by a court as punishment for a party's failure to comply with the Rules of Civil Procedure. *See Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986). This type of sanction survives a nonsuit. *See Felderhoff v. Knauf,* 819 S.W.2d 110, 111 (1991) ("A nonsuit does not act as a waiver, bar or adjudication precluding plaintiffs from complaining on appeal of monetary sanctions granted before nonsuit."). However, we express no opinion regarding what other sanctions not before the court might survive in subsequent litigation following a nonsuit.

5. Rule 215(5) reads as follows;
   A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record. TEX.R.CIV.P. 215(5). Rule 166b(6) imposes a duty upon a party to seasonably supplement discovery answers if the party acquires informa-

tion upon the basis of which he knows either of the following: (1) the answers were incorrect or incomplete when made; or (2) the answers, although correct and complete when made, are no longer true and complete and the failure to amend would mislead the questioning party. TEX.R.CIV.P. 166b(6)(a). A party must supplement this type of information no less than thirty days prior to trial. TEX.R.CIV.P. 166b(6)(a). In addition, a party must supplement the identities and substance of testimony of all expert witnesses whom a party has not previously disclosed in response to an appropriate discovery request. TEX.R.CIV.P. 166b(6)(b). A party must provide this type of information as soon as practicable, but in no event less than thirty days prior to trial. TEX.R.CIV.P. 166b(6)(b). If a party does not comply with Rule 166b, the opposing party may move for sanctions under Rule 215(5). *See* TEX.R.CIV.P. 215(5).

6. In *Alvarado,* we observed,
   When a party has failed to timely identify evidence in response to discovery requests, the trial court has discretion to postpone the trial and, under Rule 215(3), to impose an appropriate sanction upon the offending party for abuse of the discovery process.
   830 S.W.2d 911, 915 (Tex.1992). Thus, if there is any remaining prejudice caused by a party's failure to comply with Rule 215(5), a trial court might impose monetary sanctions if a proper motion is pending at the time of nonsuit. *See* TEX.R.CIV.P. 162.

previous suit has no effect in the current suit.

We conditionally grant the petition for mandamus. The writ will issue only if the trial judge refuses to act in accordance with this opinion.