**Clifford SCHEIN d/b/a J & B Cash Express, Petitioner,**

v.

**AMERICAN RESTAURANT GROUP, INCORPORATED, Respondent.**

**No. D–2518.**

Supreme Court of Texas.

April 7, 1993.

Rehearing Overruled June 3, 1993.

Mr. Shawn M. Frazin, Dallas, for petitioner.

Cynthia L. Stagner, Sherman, for respondent.

PER CURIAM.

The issue this court must decide is whether sanctions barring the introduction of certain evidence and documents for failure to timely respond to a discovery request survives a nonsuit. The trial court granted summary judgment for American Restaurant Group, Inc. (American Restaurant) based upon the applicability of sanctions imposed in an earlier suit. The Court of Appeals affirmed. 828 S.W.2d 307. We reverse the judgment of the Court of Appeals and remand the cause to the trial court for further proceedings.

J & B Cash Express (Cash Express) cashed one of American Restaurant's checks. However, American Restaurant had stopped payment on the check. Subsequently, Cash Express sued for breach of contract, fraud, and negligence. After a hearing, the trial court imposed sanctions on Cash Express for failing to timely respond to interrogatories and document production requests. The sanctions order precluded Cash Express from introducing certain evidence and documents and ordered

Cash Express to pay $800.00 in attorney's fees.

■ Cash Express took a nonsuit[1] and later refiled its suit against American Restaurant. American Restaurant moved for and the trial court granted summary judgment on the ground that the sanctions order in the first suit was of a continuing effect and, therefore, it was impossible for Cash Express to introduce certain documents and evidence necessary to prove its case. The Court of Appeals affirmed, holding that the sanctions survived the nonsuit making it impossible for Cash Express to introduce evidence and documents necessary to prove its case.

■ Cash Express asserts that sanctions barring the introduction of certain evidence and documents for failure to timely respond to a discovery request do not survive a nonsuit. We agree.

In *Aetna v. Hon. Specia,* 849 S.W.2d 805 (Tex.1993), this court held that sanctions for failure to supplement a proper discovery request do not survive a nonsuit. 849 S.W.2d at 806. We stated that "[w]hether a discovery sanction survives a nonsuit depends upon the nature of the sanction involved." 849 S.W.2d at 806. Thus, we must consider the nature of the sanctions involved in this case.

If a party does not comply with a discovery request pursuant to Rule 167[2] and 168[3], the party may be prohibited from introducing a requested document or evidence at trial. TEX.R.CIV.P. 215(5). The

purpose of a sanction that excludes evidence for failure to respond to a proper discovery request is to require complete responses of discovery in order to promote responsible assessment of settlement and to prevent trial by ambush. *See Clark v. Trailways, Inc.,* 774 S.W.2d 644, 646 (Tex. 1989). If the trial is postponed, neither the language of Rule 215(5) nor its purpose require the sanction to remain in effect. *See Aetna v. Hon. Specia,* 849 S.W.2d 805, 807 (Tex.1993). A nonsuit effects such a postponement. 849 S.W.2d at 807. Thus, the reason for imposing sanctions for failure to respond to discovery requests made pursuant to Rules 167 and 168 no longer exist. Based upon the importance of a plaintiff's right to nonsuit and the nature of the sanctions in this case, we conclude that sanctions for failure to timely produce a requested document or timely respond to an interrogatory do not survive a nonsuit. *See Aetna v. Hon. Specia,* 849 S.W.2d 805, 807 (Tex.1993).

In this case, the documents and evidence were excluded only because Cash Express failed to timely respond to a discovery request. Neither party asserts that the documents and evidence were excluded because of any bad faith conduct on behalf of Cash Express. American Restaurant will not be surprised by the evidence or documents provided in response to any discovery request to which Cash Express timely responds. Since sanctions for failure to timely produce a requested document or timely

---

1. After Cash Express took a nonsuit, it attempted to appeal the sanctions order. The Court of Appeals held that Cash Express could not complain of the sanctions order on appeal after taking a nonsuit. *See Schein v. American Restaurant Group, Inc.,* 794 S.W.2d 78 (Tex.App.—Fort Worth 1990, writ denied) (*Schein I*). Subsequently, we expressly disapproved *Schein I* in *Felderhoff v. Knauf,* 819 S.W.2d 110 (Tex.1991), a case in which we held that monetary sanctions were appealable following a nonsuit. Although Cash Express never had a chance to appeal the monetary sanctions, the fact that "a judgment may have been wrong or premised on a legal principle subsequently overruled does not affect the application of res judicata." *Victoria County Cooperative Co. v. National Steel Products Co.,* 704 S.W.2d 80, 82 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Thus, the monetary

sanctions in the first suit are final and remain in effect. However, we do not express an opinion concerning the propriety of the monetary sanctions in the first suit.

2. Rule 167 allows any party to request production of documents from a party who has custody or control of the documents. TEX.R.CIV.P. 167(1)(a). The party from whom production is requested has 30 days to either comply or object. TEX.R.CIV.P. 167(2).

3. Rule 168 provides that any party may serve written interrogatories to be answered by the party served and may inquire about any matters discoverable under Rule 166b. TEX.R.CIV.P. 168(2). Like requests for production, the party served with interrogatories has 30 days to respond or object. TEX.R.CIV.P. 168(6).

respond to an interrogatory do not survive a nonsuit, we conclude that the sanctions imposed in the first suit have no effect in the present suit.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this court, without hearing oral argument, grants Cash Express' application for writ of error, reverses the judgment of the court of appeals, and remands the cause to the trial court for further proceedings.