CV4-392 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00392-CV







Sherry Broadus, Individually and as Next Friend for Michael Ladnier, a Minor,
Appellant


v.



Woods Health Care Management, Inc. d/b/a Woods Psychiatric Institute 

of Central Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 137,700-C, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING







PER CURIAM



 Sherry Broadus, individually and as next friend for Michael Ladnier, her minor
child, appeals from the trial court's order assessing attorney's fees and costs as a sanction. (1) The
court imposed this sanction after appellants filed a notice of non-suit. We will affirm the trial
court's order.



Background


 The underlying negligence suit is based on events alleged to have occurred to
Broadus' minor son while he was receiving treatment at the hospital appellee Woods Health Care
Management operated. This appeal involves discovery problems in the underlying suit. On June
24, 1993, the trial court issued an "Agreed Scheduling Order" that required appellant to designate
her expert witnesses by December 1, 1993, approximately sixty days before the trial date. 
Although appellant timely filed a designation of twenty-three experts on November 30, 1993, she
failed to answer appellee's interrogatories requesting the substance of the experts' opinions. As
of December 22, 1993, a month before trial, appellant had produced no reports. Appellee moved
to have the expert opinions reduced to tangible form. At a hearing on December 29, 1993, the
court ordered appellant to produce the reports by March 15, 1994, with the trial then set for July
5, 1994. Appellee's counsel agreed to extend the deadline until March 22, 1994.

 On March 22, 1994, appellant filed a designation of approximately thirty-two
witnesses, but filed reports from only two of the experts. On March 28, 1994, appellee filed a
motion titled "Motion to Strike Expert Witnesses" (2) and also requested "such other relief pursuant
to Rule 215, Texas Rule of Civil Procedure, including without intended limitation, attorney's fees,
to which [appellee] may be deemed justly entitled under the law." 

 The court set a hearing on appellee's motion to strike for April 15, 1994. On
April 13, 1994, two days before the scheduled hearing on the pending motion, appellant filed a
notice of non-suit. Appellant later failed to appear at the hearing, which was recessed to April
29, 1994. Appellant again failed to appear. (3) After hearing the evidence presented in support of
appellee's motion for sanctions, the trial court ordered appellant to pay $2,100.00 in attorney's
fees and all costs. The court's order stated explicitly that the court was ruling only on that part
of the motion relating to the request for sanctions, not the part requesting that expert witnesses
be struck. In appellant's only point of error, she contends: "The District Court abused it's [sic]
discretion in assessing costs, in their entirety, against the Plaintiffs." 



Standard of Review


 Sanctions for discovery abuse must be just. TransAmerican Natural Gas Co. v.
Powell, 811 S.W.2d 913, 917 (Tex. 1991). Within the boundaries outlined in TransAmerican,
the choice of sanctions is within the trial court's sound discretion. Id. In order to establish an
abuse of discretion, the appellant must establish that the trial court acted without reference to
guiding rules and principles, arbitrarily and unreasonably, and that the sanction does not serve the
purposes of discovery. See Berry-Parks Rental Equip. Co., Inc. v. Sinsheimer, 842 S.W.2d 754,
757 (Tex. App.--Houston [1st Dist.] 1992, no writ); Altus Communications, Inc. v. Meltzer &
Martin, Inc., 829 S.W.2d 878, 884 (Tex. App.--Dallas 1992, no writ).



Sanctions Survive Non-Suit


 Appellant argues that the only discovery sanction available to the trial court was
the exclusion of witnesses or testimony. Tex. R. Civ. P. 215(5). Appellant relies on Schein v.
American Restaurant Group, Inc., 852 S.W.2d 496, 497 (Tex. 1993) and Aetna Casualty & Sur.
Co. v. Specia, 849 S.W.2d 805, 806 (Tex. 1993) for the proposition that such sanctions do not
survive a nonsuit.

 Appellant's cause is not controlled by Schein or Specia. We disagree with the
premise that the only sanction available to the trial court under the facts of this cause was an
exclusionary sanction under Rule 215(5). The court imposed sanctions against appellant for
violation of its order, not simply for failing to answer or supplement an answer to a discovery
request. The court's order imposing the sanction carefully specified that it was not attempting to
strike witnesses as a sanction that would be binding in any post-nonsuit litigation as happened in
Specia and Schein.

 Sanctions can survive a nonsuit:



A dismissal under this rule shall have no effect on any motion for sanctions,
attorney's fees or other costs, pending at the time of dismissal, as determined by
the court. Any dismissal pursuant to this Rule which terminates the case shall
authorize the court to tax court costs against the party, unless otherwise ordered
by the court.



Tex. R. Civ. P. 162. Appellee's motion seeking monetary sanctions was pending at the time of
the non-suit. That motion survived the non-suit. Armogida, 877 S.W.2d at 364; Hlavinka v.
Griffin, 721 S.W.2d 521, 522 (Tex. App.--Corpus Christ 1986, no writ).

 Appellant's point of error states that the court abused its discretion in assessing
costs, in their entirety, against her. The court rendered an order based on appellant's notice of
non-suit, which followed the provisions in Rule 162 by assessing costs against the dismissing
party. Tex. R. Civ. P. 162. Appellant presents no argument in her brief and points to nothing
in the record to show an abuse of discretion in assessing costs according to the rule governing
non-suits. Id.

 Some confusion about the taxation of costs exists. The order granting attorney's
fees as a sanction states that appellant's attorney shall pay "$2100.00 for attorney's fees and all
costs of court." The quoted phrase is handwritten in the order. It is not clear whether that
notation was intended to mean all costs of court in the cause, or all costs of hearing the motion
for sanctions. The statement of facts from the hearing on April 29 does not clarify the matter. 
The court refers to assessing costs, then says "that has been taken care of in the non-suit." 
However, appellant presents no argument as to how the taxation of costs as a sanction was an
abuse of discretion, other than the argument that no post-nonsuit sanctions were available to the
trial court. In fact, the record contains testimony about attorney's fees higher than $2100.00. 
That figure apparently was the one most closely related to appellee's costs of discovery due to
appellant's violation of the court's order.

 The sanctions appear just under Braden and TransAmerican. They were designed
to punish discovery misbehavior, they were narrowly tailored to the specific violation, and they
targeted the guilty party. See TransAmerican, 811 S.W.2d at 917. Accordingly, we overrule
appellants' point of error and affirm the trial court's order. 


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 31, 1995

Do Not Publish
1. [1] No issue has been raised concerning whether Broadus is the proper appellant. The
statement of facts reflects appellee's position that Broadus' attorney was the appropriate party
to sanction, which is the action that the court took in its order imposing sanctions. The
attorney, who is not Broadus' attorney on appeal, was not named on the appeal bond.
However, the appeal bond was timely filed, and could be amended to include the attorney. In
the interests of judicial economy, we will consider the cause on its merits. See Braden v.
Downey, 811 S.W.2d 922, 928 n.6 (Tex. 1991) (because sanctioned attorney could have been
named as a relator in mandamus action, the court considered him in the nature of a real party
in interest, but stated, "[w]e express no opinion on the question whether, in order to seek
review of sanctions by appeal, an attorney must perfect a separate appeal apart from that
perfected by his client"); see also Miller v. Armogida, 877 S.W.2d 361 (Tex. App.--Houston
[1st Dist.] 1994, writ requested) (attorney not named in style of case as appellant but clear
from text of opinion he was sanctioned as well as client-appellants; no issue as to parties raised
in appeal). Further, it is not clear whether the court imposed all costs of court up until the
nonsuit on appellant pursuant to Texas Rule of Civil Procedure 162 or on the attorney as a
sanction.
2. [2] The title of the motion is not controlling. See Baca v. Hoover, Bax & Shearer, 823
S.W.2d 734, 737 (Tex. App.--Houston [14th Dist.] 1992, writ denied)(the substance of a
pleading is determined by the facts alleged and not the name given).
3. [3] Appellant does not complain of any problem in receiving notice. The transcript shows a
copy of the notice for the April 29 hearing that referred to the "sanctions contained within" the
motion to strike.