

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00319-CV

DINNA BUTTLER                                                          APPELLANT

V.

JOHN T. SUTCLIFFE                                                      APPELLEE

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 236-274485-14

----------

## MEMORANDUM OPINION[1]

----------

In three issues, pro se appellant Dinna Buttler appeals the trial court's sanctions order and the trial court's final judgment dismissing with prejudice her claims against appellee John T. Sutcliffe. We affirm.

---

[1]See Tex. R. App. P. 47.4.

## Background Facts

In September 2014, appellant, appearing pro se, sued appellee. In her original petition, she asked for a declaratory judgment that a deed that purported to transfer her property to appellee was invalid because she did not execute it and because adequate consideration did not support it. With the assistance of counsel, appellee answered appellant's suit and served written discovery requests on appellant. Appellant answered the written discovery requests; the record contains her responses to requests for disclosure, to interrogatories, and to requests for admissions.

On June 17, 2015, appellee filed a motion for the trial court to order appellant to appear at a deposition. In the motion, appellee alleged that appellant had thwarted his prior attempts to schedule a deposition.[2] The trial court set a hearing on the motion.

Before the trial court held that hearing, appellant filed an objection to the hearing. She contended that she had received insufficient notice of the hearing under the rules of civil procedure and that appellee was seeking discovery after the trial court's discovery deadline had passed.

---

[2]To the motion, appellee attached a deposition notice scheduling a deposition for May 29, 2015. The record also contains a May 14, 2015 letter from appellee's counsel to appellant stating that appellee wanted the deposition to occur on May 29 and asking appellant to provide other possible dates and times she could be available. Appellant responded to that letter with one of her own. Her letter stated, "I am in receipt of your letter regarding taking my deposition in your office on or by May 29, 2015. Please be advised that I will not be available during that time period for a deposition."

On June 25, 2015, the trial court held the hearing on appellee's motion and signed an order requiring appellant to appear for a deposition on July 17, 2015. The order stated in part, "The only persons allowed to be present at said deposition are [appellant], [appellee], the attorneys for either party, a court reporter[,] and a translator (if needed)." That same day, appellee sent a letter to appellant that informed her of the time and place of the deposition. The letter also stated that no interpreter would be provided because one had not been requested at the hearing.

One day before the date ordered for the deposition, appellant filed a motion for a protective order. She contended that she was unable to be deposed without a translator. She asked the trial court to "enter an [o]rder protecting [her] from having to give [a] deposition until such time as a Spanish translator [was] provided." The next day, appellant appeared for the deposition but did not complete it. Later that day, she filed an amended motion for a protective order, stating,

> On July 17, 2015, I appeared at [appellee's counsel's] office for the deposition and he would not allow anyone but me inside the building. [Counsel] and another man, who I did not know, were very intimidating especially when they locked me in the building and demanded that the person who drove me stay outside the building or that the police would be called. When I asked if there was an interpreter, it was confirmed that none was present.
>
> . . . I arrived with the requested documents and attempted to undergo the deposition, but I was unable to fully understand what was being asked. My native country is Honduras and my deceased husband's native country is Mexico. Spanish is my native

3

language . . . . The manner in which this deposition was conducted frightened me and I feared for my safety.

. . . I am unable to be deposed without a translator and I request that I be protected from appearing for a deposition until one can be provided. Further, I request that the deposition be held at a location where my safety can be assured and where I am not held captive.

. . . .

I respectfully request that this Court enter an Order protecting me from having to give a deposition in this case until such time as a Spanish translator is provided and a location where I am safe and not held captive can be designated.

On July 23, 2015, in one document, appellee filed a response to appellant's amended motion for a protective order and a motion for discovery sanctions. Appellee alleged that before the deposition began on July 17, the man appellant had brought to the deposition behaved erratically and was asked to wait outside the office. Appellee also alleged that a short time after the deposition began, appellant repeatedly stated that she did not understand English[3] and then left the deposition. Appellee asked the court to deny appellant's motion for protective order and, based on her failure to comply with the prior order requiring her completion of the deposition, to strike her pleadings, to dismiss her suit, and to order her to pay attorney's fees and expenses.

---

[3]The record includes a transcript of what occurred in the deposition before appellant walked out of it. During appellant's brief participation in the deposition, she repeatedly stated that she did not understand questions and that she was ready to go home. As she left the deposition, she stated, "You don't provide me interpreter."

4

The trial court held a hearing on appellee's motion for sanctions. At the beginning of the hearing, the court noticed that someone in the courtroom was attempting to assist appellant. The court asked appellant who that was, and appellant said that it was her interpreter. The trial court asked the interpreter whether she was certified, and the interpreter said that she was not. The court did not allow the interpreter to help appellant, and appellant appeared to have difficulty understanding questions while testifying.[4]

At the hearing, appellee contended that appellant had engaged in a pattern of egregious conduct and that her refusal to participate in the deposition had impeded appellee's ability to defend against her claims. Appellant contended that she had not received timely notice of the sanctions hearing.

The trial court granted appellee's motion for sanctions. The court ordered appellant to pay $4,500 (a figure equaling eighteen hours of attorney's fees at $250 per hour) "prior to any final trial setting." The court informed appellant that her failure to pay the sanctions could result in more sanctions being ordered. The court struck a trial date that had been set for August 31, 2015.

In September 2015, appellee filed a motion to dismiss for appellant's failure to comply with the sanctions order. Appellee argued that appellant had not paid the ordered $4,500 and that her failure to do so had deprived appellee of

---

[4]Later in the hearing, however, when appellant responded to a statement made by appellee's counsel, the trial court said to appellant, "You appear to be understanding pretty well right now . . . ."

5

"resources to effectively defend the suit." The same month, appellant filed a motion asking the court to reconsider its sanctions order. She argued that the sanctions were improper because she had appeared for the deposition, because she should not have been penalized for leaving the deposition when a translator was not provided, and because she had not received adequate notice of the hearing on the sanctions motion.

Appellant also filed a response to appellee's motion to dismiss. She contended, in part, that because the trial court had struck the August 31, 2015 trial date and because no new trial date had been set, the $4,500 sanctions payment was not due under the terms of the sanctions order. Appellee amended the motion to dismiss to argue that the trial court should dismiss appellant's suit because in addition to not paying the $4,500, she had filed frivolous documents containing unsupported factual allegations.

After holding a hearing, the trial court granted appellee's amended motion to dismiss, dismissing with prejudice all claims that appellant asserted or could have asserted against appellee. The court also ordered appellant to pay $1,500 in attorney's fees. Appellant brought this appeal.

**The Trial Court's Decisions Prior to Dismissal**

In her first issue, appellant contends that the trial court erred by granting appellee's motion for discovery sanctions and by therefore requiring her to pay appellee $4,500. She contends that she was not given adequate notice of the hearing on the motion under the rules of civil procedure, that sanctions were not

justified for her leaving the court-ordered deposition because she needed a translator, and that the order imposing sanctions did not properly specify the grounds upon which it was based. In appellant's second issue, she contends that the trial court erred when it denied a hearing on her amended motion for a protective order because she needed a translator at the deposition and because certain conditions at the deposition were abusive.

**Survival of the sanctions order**

Appellee contends, in part, that appellant's challenge to the sanctions order is moot because the sanctions did not survive the trial court's dismissal order. Whether a discovery sanction survives the disposition of a case depends upon the nature of the sanction. *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806 (Tex. 1993) (orig. proceeding); *see Schein v. Am. Rest. Grp., Inc.*, 852 S.W.2d 496, 497 (Tex. 1993). "If a sanction is aimed at insuring a party is afforded a fair trial and not subjected to trial by ambush, the reason for imposing the sanction no longer exists after [the case is resolved]," and the sanction therefore does not survive the disposition of the case. *See Specia*, 849 S.W.2d at 806–08. But when a monetary sanction is imposed by a court as punishment for a party's failure to follow the rules of civil procedure, the sanction survives the case's disposition. *See id.* at 807 n.4; *see also* Tex. R. Civ. P. 215.3 (stating that a sanction for resisting discovery "shall be subject to review on appeal from the final judgment"); *Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008) ("Monetary sanctions . . . may serve compensatory and punitive purposes beyond the

7

specific proceeding and, therefore, survive [disposition] and can be the subject of an appeal."); *Felderhoff v. Knauf*, 819 S.W.2d 110, 110–11 (Tex. 1991) (holding that a monetary sanction survived a plaintiff's nonsuit and was appealable by the plaintiff after the nonsuit); *Fears v. Box*, No. 05-95-01671-CV, 1997 WL 36972, at *2 (Tex. App.—Dallas Jan. 31, 1997, writ denied) (not designated for publication) ("A monetary sanction survives a nonsuit.")

Here, in appellee's motion for sanctions, he contended that appellant had a "long[-]standing pattern of discovery abuse." He also asserted that appellant had a "history of attempting to . . . delay this case." The trial court's decision to grant sanctions implicitly reflects its finding that appellant had abused the discovery process. The $4,500 sanction reflected, in part, the amount of time that appellee's counsel prepared for and set aside for the deposition that appellant walked out of. Given these circumstances, we conclude that the trial court's punitive, monetary sanction survives the court's dismissal order and is appealable. *See* Tex. R. Civ. P. 215.3; *Villafani*, 251 S.W.3d at 470; *Specia*, 849 S.W.2d at 807 n.4.

**Notice of the sanctions hearing**

Appellant contends that the trial court erred by granting appellee's motion for sanctions because she did not receive proper notice of the hearing on the motion. A notice of a pretrial hearing must generally be served at least three days before the date set for the hearing. Tex. R. Civ. P. 21(b); *In re Guardianship of Guerrero*, No. 04-15-00543-CV, 2016 WL 3342129, at *2 n.1

8

(Tex. App.—San Antonio June 15, 2016, no pet.); *see also* Tex. R. Civ. P. 4 (stating that the day triggering a period of time under the rules of civil procedure is not included but the last day of the period is generally included). When notice of a hearing is served by mail, "three days shall be added to the prescribed period." Tex. R. Civ. P. 21a(c); *see Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994). Service of a notice of hearing by mail is complete upon its deposit in the mail. Tex. R. Civ. P. 21a(b)(1); *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g). A certificate of service is prima facie evidence of the date of service included in the certificate. *See McQuade v. Berry*, No. 02-12-00099-CV, 2012 WL 6049012, at *2 (Tex. App.—Fort Worth Dec. 6, 2012, no pet.) (mem. op., not designated for publication).

The hearing on appellee's motion for sanctions occurred on July 29, 2015. The certificate of service on the motion for sanctions recites that appellee served it by mail on July 23, 2015. Thus, if the recitation in the certificate of service is correct, appellee gave timely notice (six days' notice) on July 23 of the July 29 hearing. *See* Tex. R. Civ. P. 4, 21(b), 21a(c); *see also Lewis*, 876 S.W.2d at 316 (holding that "the day of service is not to be included in computing the minimum . . . notice for hearing," but "the day of [the] hearing is"); *In re Nat'l Lloyds Ins. Co.*, No. 13-15-00390-CV, 2015 WL 6759153, at *2 (Tex. App.—Corpus Christi Nov. 3, 2015, orig. proceeding [mand. denied]) (mem. op.) (holding that a party

9

had three days' notice of an August 25 hearing when the party received the notice on August 22).

Appellant contends that the recitation in the certificate of service is not correct. She relies on a document that she attached to her written objection to sanctions in the trial court.[5] That document states that certified mail bearing a particular tracking number—the same number included on a letter bearing the date of July 23, 2015 and informing appellant of the hearing—arrived at a postal service facility on July 24, 2015. But the record establishing that the certified mail arrived at the facility on July 24 does not necessarily negate appellee's certification that he mailed it on July 23. *See Konasiewicz v. Lomas*, Nos. 13-15-00062-CV, 13-15-00063-CV, 2015 WL 4593905, at *7–8 (Tex. App.—Corpus Christi July 30, 2015, pet. denied) (mem. op.); *McQuade*, 2012 WL 6049012, at *2. At the hearing on the motion for sanctions, appellee's attorney represented that he had a receipt and envelope proving that he mailed the notice on July 23. The record contains a photocopy of the envelope, and although the photocopy is blurred, its upper right corner appears to contain a stamp bearing the date of July 23. For all of these reasons, we cannot agree with appellant's contention that the sanctions order is erroneous because she did not receive adequate notice of the hearing.

---

[5]Appellant did not offer this document as evidence during the hearing on the motion for sanctions.

**Merits of the sanctions order**

Next, appellant contends that sanctions were unwarranted and that the trial court's order is erroneous because it does not state grounds for sanctions. She appears to argue that the trial court could not properly sanction her for leaving the deposition that the court had ordered her to attend because there was no translator at the deposition.

We review the merits of the imposition of sanctions for an abuse of discretion. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). We will not hold that a trial court abused its discretion by ordering sanctions if some evidence supports its decision. *Id.* When a party abuses the discovery process by resisting discovery (such as by failing to attend a deposition), a trial court may impose sanctions. Tex. R. Civ. P. 215.3; *see Sheffield Dev. Co. v. Carter & Burgess, Inc.*, No. 02-11-00204-CV, 2012 WL 6632500, at *5 (Tex. App.—Fort Worth Dec. 21, 2012, pet. dism'd) (mem. op.) ("Trial courts have broad discretion to impose discovery sanctions to secure compliance with discovery rules, to deter other litigants from similar misconduct, and to punish violators."); *Hernandez v. Mid-Loop, Inc.*, 170 S.W.3d 138, 144 (Tex. App.—San Antonio 2005, no pet.) (holding that a trial court has discretion to impose sanctions when a party fails to obey the court's order to comply with proper discovery requests).

We follow a two-part test to determine whether a sanction was just. *In re K.R.*, No. 02-14-00275-CV, 2016 WL 1393392, at *3 (Tex. App.—Fort Worth Apr. 7, 2016, no pet.) (mem. op.). First, a direct relationship must exist between

11

the offensive conduct, the offender, and the sanction imposed. *Id.* Second, a sanction must not be excessive, which means it should be no more severe than necessary to satisfy its legitimate purpose. *Id.*

Under these standards, we cannot conclude that the trial court abused its discretion by ordering sanctions against appellant. Appellee initially set appellant's deposition for May 29, 2015. The notice of appellee's intent to take appellant's deposition on that date stated, "Your attention is directed to the penalties set forth in rule 215 of the Texas Rules of Civil Procedure for failure . . . to comply with the discovery requested." Appellee sent a letter asking appellant for other dates she could take a deposition, and she responded with a letter in which she stated that she would not be available to take one on May 29 and in which she did not propose other dates.

Because of appellant's lack of cooperation in scheduling a deposition, on June 25, 2015, pursuant to appellee's motion for the trial court to order appellant's appearance at a deposition, the court ordered appellant to give a deposition on July 17, 2015. Also on June 25, 2015, appellee sent appellant a letter concerning the deposition, and the letter stated that "as no translator was requested at today's hearing, none [would] be provided." Three weeks later and one day before the scheduled deposition, on July 16, 2015, appellant filed a motion for protective order, stating that she could not be deposed without a translator. The next day, she appeared at the deposition without a translator and walked out of it because no translator was there.

12

Given appellant's initial lack of cooperation in scheduling a deposition to the point of requiring the trial court's order that she appear for one, her receipt of a letter well in advance of the deposition stating that there would be no translator, her decision to wait until the day before the deposition to file her motion for a protective order that requested a translator, her decision to appear at the deposition without a translator, and her decision to leave the deposition without having obtained a ruling on her motion for a protective order, we conclude that the trial court did not abuse its discretion by granting the motion for sanctions. *See Nath*, 446 S.W.3d at 361; *K.R.*, 2016 WL 1393392, at *2–5.

Appellant also contends that the sanctions order is erroneous because it does not contain findings supporting the sanctions. But rule of civil procedure 215 does not require an order granting sanctions to set forth findings. *See* Tex. R. Civ. P. 215.3; *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 n.9 (Tex. 1991) (orig. proceeding); *Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retail Stores, Inc.*, 418 S.W.3d 229, 233 (Tex. App.—Dallas 2013, no pet.); *Lohmann v. Lohmann*, No. 08-99-00115-CV, 2001 WL 1515863, at *8 (Tex. App.—El Paso Nov. 29, 2001, no pet.) (not designated for publication).

Finally, in one sentence within her brief, appellant contends that "counsel for [appellee erred] in calculating alleged attorney fees and expenses [and] included time for a deposition for which no notice was served." She gives no further explanation of this contention and cites no authority to support it. We

overrule it as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Acadia Healthcare Co. v. Horizon Health Corp.*, 472 S.W.3d 74, 93 n.25 (Tex. App.—Fort Worth 2015, pet. filed); *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error.").

**Denial of hearing on amended motion for protective order**

Next, appellant contends that the trial court violated her right of due process by denying a hearing on her amended motion for a protective order, which she filed on the day of the deposition after she had already walked out of it. Even assuming error, we cannot conclude that appellant was harmed by the lack of a hearing.

To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that the error probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court. Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005). In appellant's amended motion for a protective order, she requested the following relief: "I respectfully request that this Court enter an Order protecting me from having to give a deposition in this case until such time as a Spanish translator is provided and a location where I am safe and not held captive can be designated." The trial court initially set a hearing on the motion but later cancelled the hearing. The record contains no indication that the trial court required appellant to appear for a deposition (or that appellee asked

14

her to) after appellant filed her amended motion for protective order. Thus, because the sole relief requested by appellant's amended motion for protective order was avoidance of a deposition and because she was never required to give a deposition after filing the motion, we conclude that any error of the trial court in cancelling a hearing on the motion was harmless. *See* Tex. R. App. P. 44.1(a); *Romero*, 166 S.W.3d at 225; *see also* Tex. R. Civ. P. 192.6(a) (stating that a protective order is intended to protect a "person from the discovery sought"); *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 558 (Tex. 1990) (orig. proceeding) ("[T]he protective order shields the witnesses from deposition . . . .").

**Conclusion**

For all of these reasons, we overrule appellant's first two issues, in which she complains about the trial court's rulings that preceded its order of dismissal.

## The Trial Court's Dismissal Order

In her third issue, appellant contends that the trial court erred when it denied her motion for reconsideration of discovery sanctions and granted appellee's motion to dismiss.

**Request for interpreter at dismissal hearing**

First, appellant argues that she was entitled to a translator at the hearing on appellee's dismissal motion. In her motion for reconsideration of discovery sanctions, appellant referred to rule of civil procedure 183 and requested the appointment of a Spanish interpreter for a hearing of that motion. *See* Tex. R. Civ. P. 183. At the joint hearing on that motion and on appellee's motion to

dismiss, however, appellee did not repeat her request for an interpreter or obtain a ruling on the request that she made in her motion. Thus, we conclude that appellant failed to preserve error concerning the lack of an interpreter at that hearing, and we overrule that part of appellant's third issue. *See* Tex. R. App. P. 33.1(a) (requiring both a timely request or objection and a ruling on the request or objection to preserve error); *Salmeron v. T-Mobile W. Corp.*, No. 14-07-00524-CV, 2009 WL 396212, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *Martinez v. Cherry Ave. Mobile Home Park*, 134 S.W.3d 246, 249–50 (Tex. App.—Amarillo 2003, no pet.).

**Merits of dismissal order**

Appellant also contends that the trial court's dismissal order was erroneous because she did not fail to comply with the sanctions order. Specifically, she contends that under the sanctions order, the $4,500 payment was due "prior to any final trial setting," and because there was no such setting in this case, the payment was not yet due.

In appellee's amended motion to dismiss, he sought dismissal on three grounds: (1) appellant had failed to comply with the trial court's order requiring her to pay money as sanctions; (2) appellant filed her motion for reconsideration of discovery sanctions in bad faith and while knowing it was groundless, therefore violating rule of civil procedure 13; and (3) appellant had a pattern of filing frivolous pleadings and motions in violation of section 10.004 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a)

16

(West 2002); Tex. R. Civ. P. 13. The trial court granted the amended motion to dismiss without specifying the grounds for doing so.

On appeal, appellant challenges only the first of these grounds for dismissal. When a trial court issues an adverse ruling without specifying grounds for doing so, the appellant must challenge each independent ground asserted by the appellee supporting the adverse ruling because it is presumed that the trial court considered all of the asserted grounds. *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 846–47 (Tex. App.—Corpus Christi 2011, pet. denied); *Oliphant Fin. L.L.C. v. Hill*, 310 S.W.3d 76, 77–78 (Tex. App.—El Paso 2010, pet. denied). If the appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged grounds and affirm the adverse ruling. *S.W. ex rel. A.W. v. Arlington ISD*, 435 S.W.3d 414, 419 (Tex. App.—Fort Worth 2014, no pet.); *U.S. Lawns, Inc.*, 347 S.W.3d at 847; *see also Vaughn v. State*, No. 05-12-01130-CV, 2014 WL 1483566, at *1 (Tex. App.—Dallas Apr. 15, 2014, no pet.) (mem. op.) (applying the rule in a dismissal context); *DSW Masters Holding Corp. v. Tyree*, No. 02-11-00296-CV, 2012 WL 4661455, at *4 (Tex. App.—Fort Worth Oct. 4, 2012, no pet.) (mem. op.) (applying the rule in a summary judgment context).

Because appellant fails to challenge all grounds upon which the trial court could have granted appellee's amended motion to dismiss, we accept the validity of the unchallenged grounds and affirm the dismissal. *See S.W. ex rel. A.W.*, 435 S.W.3d at 419; *U.S. Lawns, Inc.*, 347 S.W.3d at 847. We overrule the remainder of appellant's third issue.

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  August 26, 2016