

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-15-00543-CV

**IN THE MATTER OF THE GUARDIANSHIP OF** Bertha **GUERRERO**,
an Incapacitated Person

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2015-PC-1702
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 15, 2016

REVERSED AND REMANDED

Juan Guerrero appeals the probate court's order appointing Concha B. Schoenberger as the permanent guardian of the person and estate of his wife, Bertha Guerrero.  Juan presents the following four issues in his brief: (1) the probate court erred in appointing Schoenberger, who is one of Bertha's daughters, as Bertha's temporary guardian without providing Juan notice prior to the hearing; (2) the probate court erred in appointing Schoenberger as Bertha's permanent guardian without providing Juan notice prior to the hearing; (3) the evidence is legally insufficient to support the appointment of a permanent guardian; and (4) the probate court erred in appointing Schoenberger as guardian because Juan was entitled to preference in the appointment.  We reverse the probate court's order appointing Schoenberger as permanent guardian and remand the cause to the probate court for further proceedings.

## BACKGROUND

On May 14, 2015, Schoenberger filed an application for the appointment of a temporary and permanent guardian of Bertha's person and estate. Schoenberger is one of Bertha's daughters. The application alleged Bertha was not being allowed to talk or visit with her children and was not getting proper medical attention. The application further alleged Bertha inherited money from her first husband, and her current husband, Juan, was spending Bertha's money to purchase trucks, RVs, and other items for his personal use without Bertha's consent. Finally, the application alleged Bertha's bank account had been frozen due to various people taking her to the bank and attempting to withdraw money. A letter from Bertha's doctor was attached to the application in which the doctor stated Bertha had Alzheimer's disease and was unable to handle her own affairs. On May 16, 2015, Juan was served with citation to appear and answer the application.

Bertha was served with notice that the probate court would hold a hearing on the application for the appointment of a temporary guardian on May 18, 2015. On May 14, 2015, a court investigator met with Bertha and Juan, and Juan informed the investigator that he would bring Bertha to the hearing on May 18, 2015. However, neither Juan nor Bertha attended the hearing. Although one of Bertha's daughters appeared on behalf of Juan, the probate court recognized the daughter was not an attorney and could not formally appear on Juan's behalf. After the hearing concluded, the probate court signed an order appointing Schoenberger as temporary guardian. With regard to a hearing on the application for the appointment of a permanent guardian, the probate court's order stated:

> IT IS FURTHER ORDERED that a hearing be held on the **6th day of June, 2015** at 10:30 a.m., p.m., a date not later than the 60th day after the date of the filing of the Application in accordance with the Texas Estates Code or if contested the term of the temporary guardianship shall be extended until the conclusion of a trial on the merits.

(emphasis added). The date and time were handwritten, and a.m. was circled after the time. The date for the hearing on the application for the appointment of the permanent guardian was not announced on the record at the temporary guardianship hearing.

On May 27, 2015, Juan's attorney filed an original answer and, in the alternative, an application for appointment of temporary guardian. In the prayer, Juan requested that Schoenberger's application be denied or, in the alternative, that Juan be appointed as the temporary guardian.

On **June 5, 2015**, the probate court held a hearing on Schoenberger's application for the appointment of a permanent guardian. Neither Juan nor his attorney was present. The probate court noted a physician's certificate of medical examination had been submitted and would be included in the record. The probate court then asked Bertha's attorney ad litem how she received notice of the hearing, and the following exchange occurred:

> MS. YOUNG [Bertha's attorney ad litem]: I had the order, Your Honor. I looked at the date, but I had written in my calendar the 5th of June.
> THE COURT: Okay. So you looked in the file.
> MS. YOUNG: I looked at the order, saw that it was inconsistent, but I looked at my calendar where I had written it down at the first hearing.
> THE COURT: Okay, fine.

The probate court then asked Schoenberger's attorney how she wanted to proceed. Schoenberger's attorney stated she would like to try to include Juan's attorney by telephone, but she wanted to proceed with the permanent guardianship. Bertha's attorney ad litem agreed a permanent guardian should be appointed based on the physician's report. The probate court was then informed that Juan's attorney could not be reached by telephone. The probate judge stated he would sign the order appointing the permanent guardian but told Schoenberger's attorney to contact Juan's attorney. Juan appeals the probate court's order appointing Schoenberger as the permanent guardian of Bertha's person and estate.

## NOTICE OF TEMPORARY GUARDIANSHIP HEARING

In his first issue, Juan contends the probate court erred in entering the order appointing Schoenberger as temporary guardian because he did not receive proper notice of the hearing pursuant to Rule 21 of the Texas Rules of Civil Procedure.[1] Schoenberger responds Juan received actual notice of the hearing on May 14, 2015, when he met with the court investigator and told her he would bring Bertha to the hearing. Schoenberger also responds Bertha was served with notice of the hearing, and "[i]t is simply not believable that her husband, Juan, who assured the court investigator and ad litem that he would bring Bertha to the hearing, had no notice of it." Schoenberger further responds Juan was not entitled to receive notice of the temporary guardianship hearing.

Section 1051.001 of the Texas Estates Code provides "a person is not required to be cited or otherwise given notice in a guardianship proceeding except in a situation in which this title expressly provides for citation or the giving of notice" or in the event the court requires that notice be given. TEX. ESTATES CODE ANN. § 1051.001 (West 2014). With regard to an application for the appointment of a temporary guardian, the clerk is required to issue notice to be served on: (1) the proposed ward; (2) the proposed ward's appointed attorney; and (3) the proposed temporary guardian named in the application if that person is not the applicant. *Id*. at § 1251.005. The notice to be served is required to describe the date, time, and place of the hearing on the application. *Id*. Although the Code requires notice of an application for permanent guardianship to be personally served on the proposed ward's spouse, *id.* at §1051.103, the Code does not require the clerk to issue a notice containing the date and time of a temporary guardianship hearing to be served on the proposed ward's spouse. Therefore, because the Code does not require that Juan receive notice

---

[1] In general, Rule 21(b) requires notice of any hearing not presented during a hearing or trial to be served on a party not less than three days before the time specified for the hearing. TEX. R. CIV. P. 21(b).

of the temporary guardianship hearing, he was not entitled to receive notice under Rule 21. *See id.* at § 1051.001 (providing citation or notice not required unless expressly provided in Code); *cf. Woollett v. Matyastik*, 23 S.W.3d 48, 54 (Tex. App.—Austin 2000, pet. denied) (citing prior Probate Code section to hold service was not required on the ward's siblings or children in a temporary guardianship proceeding). Accordingly, Juan's first issue is overruled.[2]

### NOTICE OF HEARING ON APPLICATION FOR PERMANENT GUARDIANSHIP

In his second issue, Juan contends the probate court erred in appointing Schoenberger as permanent guardian because he did not receive notice of the permanent guardianship hearing. Schoenberger responds the order appointing her as temporary guardian provided sufficient notice of the permanent guardianship proceeding. Although the order stated the hearing would be held on June 6, 2015, instead of June 5, 2015, Schoenberger contends Juan or his attorney "should have reviewed the court's file to determine the status of the case and whether there were any hearings set." Schoenberger also notes Juan sent one of Bertha's daughters to the temporary guardianship hearing, and, although the probate court did not allow Bertha's daughter to appear on Juan's behalf, Bertha's daughter was given a copy of the order appointing the temporary guardian. Although Schoenberger concedes the order contained "some lack of clarity" because the order "set the hearing for June 6, 2015, which was a Saturday," Schoenberger asserts "Juan and his counsel were

---

[2] Schoenberger also contends Juan's complaint regarding the appointment of a temporary guardian is moot because Schoenberger has been appointed as Bertha's permanent guardian. We note there is support for Schoenberger's assertion that Juan's issue regarding the temporary guardianship order is moot. *See In re Smith*, No. 05-09-00913-CV, 2010 WL 4324434, at *1-2 (Tex. App.—Dallas Nov. 30, 2010, no pet.) (holding appellate complaint that entity appointed temporary guardian did not receive notice of the temporary guardianship hearing was moot because a permanent guardian had been appointed). We also note, however, that one court has held issues relating to the temporary guardianship order only become moot upon the "qualification of a properly appointed permanent guardian." *In re Guardianship of Erickson*, 208 S.W.3d 737, 740-43 (Tex. App.—Texarkana 2006, no pet.). Because we hold Juan was entitled to but did not receive notice of the hearing on the application for permanent guardianship, his first issue may not be moot under the holding in *Erickson*. Because we overrule Juan's first issue on other grounds, we need not decide whether his first issue is moot.

obligated to follow up with the court and/or opposing counsel about the unclear hearing setting." For the following reasons, we disagree with Schoenberger.

A proposed ward's spouse must be personally served with citation to appear and answer an application for the proposed ward's guardianship if the whereabouts of the spouse are known or can be reasonably ascertained. TEX. ESTATES CODE ANN. § 1051.103 (West 2014). In this case, the record reflects Juan was properly served with citation, and he filed an answer before the permanent guardianship hearing.

A court is not allowed to consider an application for the appointment of a guardian by submission. *Id*. at § 1055.051(a). Accordingly, the court must hold a hearing on such an application, and section 1101.051 of the Code dictates what the court is required to do at such a hearing. *Id*. at § 1101.051. Although the Code does not expressly provide who is entitled to receive notice of the date, time, and place of a hearing on an application for the appointment of a permanent guardian, the Code does require the proposed ward's spouse be served with citation. *Id*. at § 1051.103. And, a party who files an answer in a proceeding is entitled to notice of a dispositive hearing under the due process clause of the United States Constitution. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012); *Schoendeinst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.); *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.). Accordingly, we hold a proposed ward's spouse who has been served with citation and who has filed an answer in a guardianship proceeding is entitled to notice of the date and time of a permanent guardianship hearing. We reject Schoenberger's contention that Juan had an obligation to search the court's files to determine when the hearing was set. We also reject Schoenberger's contention that Juan received notice because Bertha's daughter, a non-attorney who appeared at the temporary guardianship hearing, received a copy of the temporary guardianship order. *See Garcia v. Escobar*, No. 13-13-00268-CV, 2014 WL 1514288, at *3 (Tex.

App.—Corpus Christi Apr. 15, 2014, pet. denied) (noting person who is not a licensed attorney may not represent other persons in legal matters); *Lee v. Dixie Farm Texaco, Inc.*, No. 01-13-00323-CV, 2013 WL 3148310, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2014, no pet.) (same).  Our rejection of these contentions is further bolstered by the fact that even if Juan searched the files or Bertha's daughter was given a copy of the temporary guardianship order, the temporary guardianship order contained the wrong date for the permanent guardianship hearing.  Because we hold Juan was entitled to receive notice of the hearing on the application for a permanent guardianship, and the record reflects Juan did not receive such notice, we sustain Juan's second issue.[3]

## CONCLUSION

The probate court's order appointing Schoenberger as permanent guardian is reversed, and the cause is remanded to the probate court for further proceedings.

Sandee Bryan Marion, Chief Justice

---

[3] Because we sustain Juan's second issue, we need not address Juan's third and fourth issues because their resolution is not necessary to the disposition of this appeal.  TEX. R. APP. P. 47.1.