# NO. 12-12-00106-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE 321ST* |
| *OF C.B.B.,* | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Blake Bennett Bullard appeals the trial court's order that he submit to genetic testing in the paternity suit filed by the Office of the Texas Attorney General (OAG). We dismiss the appeal for want of jurisdiction.

### BACKGROUND

On October 15, 2010, the OAG filed an original petition to establish a parent-child relationship between Bullard and C.B.B., who was born on December 24, 2006. The OAG alleged that there was no presumed father. Bullard filed an answer in which he urged a defect in parties because C.B.B. was born during his mother's marriage to Dustin Cole Frank, but Frank had not been joined in the suit. After an evidentiary hearing on April 4, 2011, the trial court found that Frank was the presumed father of C.B.B. and was a necessary party to the litigation. On May 5, 2011, the OAG amended its petition to name Frank as the presumed father and join him as a party to the suit. However, the OAG specifically denied that Frank is the biological father of C.B.B. Frank was served with citation, but did not make an appearance.

Bullard filed a motion for summary judgment in which he argued that the four year statute of limitations had run before the joinder of the presumed father, and that the OAG was estopped from seeking genetic testing because it had taken a contrary position in prior cases with similar facts. The OAG filed a response to which was attached an affidavit from C.B.B.'s

mother providing information pertaining to Bullard's limitations argument. Bullard filed objections to the affidavit and requested a hearing on both the objections and the motion for summary judgment. The trial court held the requested hearing, and denied Bullard's motion for summary judgment. The court did not rule on Bullard's objections to the OAG's summary judgment evidence.

After a hearing on the OAG's pleadings, the trial court signed the order for genetic testing. Later, the OAG filed a notice of nonsuit, and Bullard timely filed a notice of appeal.

### JURISDICTION

In his sole issue, Bullard contends that the trial court reversibly erred by abusing its discretion in ordering genetic testing. He also argues preemptively that this court has jurisdiction of his appeal. The OAG disagrees. Because jurisdiction is a threshold issue, we will address it first.

**Effect of Nonsuit**

Under Texas law, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence at trial other than rebuttal evidence. TEX. R. CIV. P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex. 2008). A nonsuit is not an adjudication of the rights of the parties and does not extend to the merits of the action. *Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 399 (Tex. App.–Houston [1st Dist.], pet. denied). Therefore, subject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief. *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806 (Tex. 1993) (orig. proceeding).

One unique effect of a nonsuit is that it can vitiate earlier interlocutory orders, rendering them moot and unappealable. *Villafani*, 251 S.W.3d at 469. However, a decision on the merits is not vitiated. *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam). "Once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit." *Id*. Other than this exception, the nonsuit puts the parties back in the position they were in before the lawsuit was brought. *See Waterman*, 355 S.W.3d at 399.

**The Case at Hand**

Bullard challenges the trial court's order for genetic testing–a nonappealable interlocutory order. *See In re Attorney Gen. of Tex.*, No. 03-06-00307-CV, 2006 WL 6234637,

2

at *3 (Tex. App.–Austin Aug. 3, 2006, orig. proceeding) (mem. op.). Because the order is interlocutory, it was vitiated by the OAG's nonsuit unless it constitutes a decision "on the merits." *See Hyundai*, 82 S.W.2d at 855. In the context of this case, "merits" means "the elements or grounds of a claim or defense; the substantive considerations to be taken into account in deciding a case, as opposed to extraneous or technical points." *See* BLACK'S LAW DICTIONARY 860 (8th ed. 2004). For example, a party seeking to recover upon a "claim, counterclaim, or cross-claim or to obtain a declaratory judgment" may move for a summary judgment in his favor "upon all or any part thereof." TEX. R. CIV. P. 166a(a). Accordingly, a summary judgment and a partial summary judgment not set aside by the trial judge are decisions on the merits.[1] *See Hyundai*, 892 S.W.2d at 854.

Bullard pleaded in his answer, as an affirmative defense, that a father-child relationship has already been established because Dustin Cole Frank is C.B.B.'s presumed father. *See* TEX. FAM. CODE ANN. § 160.204(a)(1) (West 2008) ("A man is presumed to be the father of a child if [] he is married to the mother of the child and the child is born during the marriage[.]"). He also pleaded that the OAG's claims are barred by the four year statute of limitations that applies to the adjudication of parentage of children with presumed fathers. *See* TEX. FAM. CODE ANN. § 160.607(a) (West Supp. 2012).[2] In addition, he filed a motion for summary judgment on the limitations issue, which the trial court denied.

Bullard argues on appeal that the trial court's order for genetic testing is based upon an implied finding that the presumption that Frank is C.B.B.'s father has been "factually rebutted." He contends that "[t]he trial court had to necessarily make such a finding, directly or implicitly, in order to require genetic testing of Bullard." He implies that this conclusion logically follows

---

[1] In his brief, Bullard characterizes a venue ruling as a decision on the merits and states that it is not vitiated by a nonsuit. We agree that a venue ruling is not vitiated by a nonsuit. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). But the court did not characterize a venue ruling as a decision on the merits. *See id.* at 260 ("Just as a decision on the merits cannot be circumvented by nonsuiting and refiling the case, a final determination fixing venue in a particular county must likewise be protected from relitigation."). Instead, it concluded that Texas Rule of Civil Procedure 87 permits only one venue determination. *Id.*

[2] Except as otherwise provided in family code subsection 160.607(b), a proceeding to adjudicate the parentage of a child having a presumed father must be commenced not later than the fourth anniversary of the date of the birth of the child. TEX. FAM. CODE ANN. § 160.607(a) (West Supp. 2012). The version of subsection (b) that was in effect at the time the OAG filed suit provided that a proceeding to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time if the court determines that (1) the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception and (2) the presumed father never represented to others that the child was his own. Act of June 20, 2003, 78th Leg., R.S., ch. 1248, 2003 Tex. Gen. Laws 3537 (amended 2011) (current version at TEX. FAM. CODE ANN. § 160.607(b) (West Supp. 2012)).

from the trial court's denial of his motion for summary judgment on the limitations issue. Bullard relies, in part, on the presumption of paternity to establish his affirmative defense. Accordingly, he urges that the trial court's implied finding that the presumption of paternity has been "factually rebutted" is a decision on the merits and therefore is not vitiated by the OAG's nonsuit.

**Analysis**

A presumed father is recognized as the father of a child until that status is rebutted or confirmed in a judicial proceeding. TEX. FAM. CODE ANN. § 160.102(13) (West 2008). The presumption of paternity may be rebutted only by (1) an adjudication of the parentage of the child under Subchapter G of the family code or (2) the filing of a valid denial of paternity by a presumed father in conjunction with the filing by another person of a valid acknowledgment of paternity as provided by Texas Family Code Section 160.305. *Id*. § 160.204(b) (West 2008). Moreover, the paternity of a child having a presumed father may be disproved only by admissible results of genetic testing excluding that man as the father of the child or identifying another man as the father of the child. *Id*. § 160.631(b) (West 2008). As a general rule, a court must order genetic testing upon the request of a party to a proceeding to determine parentage. *Id*. § 160.502(a) (West 2008). The court may order genetic testing of the child and each man whose paternity is being adjudicated. *Id*. § 160.622(c) (West 2008).

In this case, the trial court denied Bullard's motion for summary judgment on limitations. The OAG sought to disprove the presumed father's paternity as well as establish a parent-child relationship between Bullard and C.B.B. Therefore, genetic testing was necessary. *See id*. § 160.631(b) (genetic testing required to disprove paternity of presumed father). The OAG was not required to rebut the presumption of paternity to obtain this testing, and the family code makes no provision for a "factual rebuttal" of the presumption in connection with a request for genetic testing. *See id*. §§ 160.501-.511 (West 2008 & Supp. 2012) (Subchapter F pertaining to genetic testing); *id*. § 160.608 (West Supp. 2012) (specifying circumstances under which trial court may deny motion for genetic testing of mother, child, and presumed father); *see also id*. § 160.204(b) (providing that presumption of paternity can be rebutted only by adjudication of paternity or filing valid denial of paternity by presumed father along with filing by another person of valid acknowledgment of paternity). Therefore, a ruling on a request for genetic testing is not a ruling on whether the presumption of paternity has been rebutted. *See id*.

4

§ 160.204(b). Consequently, the trial court's order does not dispose of a ground of Bullard's defense and, thus, is not a decision on the merits.

## CONCLUSION

Because the order for parentage testing is not a decision on the merits, it was vitiated by the OAG's nonsuit. Therefore, the order is moot and unappealable. *See Villafani*, 251 S.W.3d at 469. Accordingly, we *dismiss* the appeal *for want of jurisdiction*. *See Kilroy v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (holding that after concluding it has no jurisdiction, appellate court can only dismiss appeal). All pending motions are dismissed as moot.


JAMES T. WORTHEN
Chief Justice


Opinion delivered March 13, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 13, 2013**

**NO. 12-12-00106-CV**

**IN THE INTEREST OF C.B.B., A CHILD**

Appeal from the 321st Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 10-2944-D)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*