**Opinion issued June 11, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00194-CV

————————————

## PARADISE LIVING, INC. AND MARY ARTHUR, Appellants

## V.

## BLACKBURNE & BROWN MORTGAGE FUND I, Appellee

---

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2017-56890

---

## MEMORANDUM OPINION

The trial court entered a take-nothing summary judgment against Paradise Living, Inc. and Mary Arthur, holding that their claims against Blackburne & Brown Mortgage Fund I were barred by res judicata. The trial court also imposed sanctions against their attorneys, Ike Okorafor and Larry Boje.

In five issues, Paradise Living, Inc. and Mary Arthur contend the trial court erred in granting summary judgment against them, erred in sanctioning their attorneys, and did not have plenary power to enter an amended order for summary judgment and sanctions more than 75 days after its original order for summary judgment and sanctions.

We affirm.

## Background

Paradise Living operated an assisted living facility in Houston in a multi-unit complex originally purchased by Mary Arthur and James Arthur. The Arthurs wished to renovate their property and, in 2006, one of their limited partnerships borrowed $774,000 from Blackburne & Brown Mortgage Fund I. The Arthurs guaranteed the note and deed of trust. By 2016, Blackburn began taking action against the Arthurs and their related entities, claiming the loan payments were delinquent. Blackburne sought to foreclose on the property.

While facing pre-foreclosure demands for payment, Paradise Living and Arthur Holdings, L.P.—an entity related to the Arthurs in a way the record does not make clear—sued Blackburne for conversion of mortgage payments, tortious interference with business relationship, an accounting, injury to business reputation, breach of the duty of good faith and fair dealing, and breach of contract. Their suit was filed in Harris County District Court and assigned Cause Number

2016-12403. They sought damages, declaratory relief, and an injunction. Their second amended petition removed Paradise Living from the list of plaintiffs and added James P. Arthur.

Blackburne answered the lawsuit with a general denial. In the same pleading, Blackburne asserted a counterclaim for breach of contract against Arthur J. Holdings, Inc., Legonite, Inc., James Arthur, Mary Arthur, "and any other owner or partner of Arthur LP or Legonite."

A settlement agreement was reached in May 2016 that established new payment deadlines for mortgage payments. The settlement agreement lists all parties to the agreement. The parties to the agreement are, on the one side, "Arthur Holdings, LP; Arthur P. Holdings, LP; Legonite, Inc.; Arthur J. Holdings, Inc.; Paradise Living, Inc. d/b/a The Cottage Health Services; James Arthur; and Mary Arthur; including the principals, partners, directors, officers, assignees, or agents of the aforementioned," and, on the other side, "Blackburne & Brown Mortgage Fund I; including its principals, partners, directors, officers, assignees, or agents."

The settlement agreement states that it "disposes of all Parties and all claims. Such disposal includes but is not limited to claims or defenses that were filed in this lawsuit or could or should have been filed in this lawsuit, as well as claims or defenses associated" with various Property Code provisions. The agreement is signed as "approved as to form and substance" by James O. Okorafor, who is listed

as "counsel for Arthur Holdings, LP; Arthur P, Holdings, LP; James Arthur; Mary Arthur; Arthur J. Holdings, Inc.; Legonite, Inc; and Paradise Living Inc. d/b/a The Cottage Health Services."

Along with the settlement agreement, the parties entered into an agreed final judgment. The agreed final judgment lists the same parties and recounts the same terms as the settlement agreement. It also states that the agreed final judgment "finally disposes of all Parties and all claims. Such disposal includes but is not limited to claims or defenses that were filed in this lawsuit or could or should have been filed in this lawsuit." Like the settlement agreement, the agreed final judgment is signed as "approved as to form and substance" by James O. Okorafor, who is listed as "counsel for Arthur Holdings, LP; Arthur P, Holdings, LP; James Arthur; Mary Arthur; Arthur J. Holdings, Inc.; Legonite, Inc; and Paradise Living Inc. d/b/a The Cottage Health Services." The agreed final judgment was entered August 24, 2017.

The same day the judgment was entered, three of the parties to the settlement agreement and to the agreed final judgment filed suit against Blackburne in another Harris County District Court, which was assigned Cause Number 2017-56890. Paradise Living, Inc., Legonite, Inc., and Mary Arthur asserted claims against Blackburne for wrongful foreclosure, conversion, breach of

4

contract, unjust enrichment, and other causes of action. The plaintiffs sought damages, declaratory relief, an injunction, and attorney's fees.

Blackburne answered; sought transfer to the district court that entered the agreed final judgment; asserted defenses, including res judicata; and asserted a counterclaim for breach of contract, specifically the settlement agreement.

After the motion to transfer was granted, Blackburne moved for summary judgment on all plaintiff claims, arguing that they are barred by res judicata because the plaintiffs were parties to the earlier agreed final judgment. Blackburne also sought sanctions for filing a groundless pleading in bad faith.

The plaintiffs amended their petition to drop Legonite, Inc. from the list of plaintiffs, leaving only Paradise Living, Inc. and Mary Arthur. The amended petition asserted only two causes of action: (1) tortious interference with an existing contract with "government agencies" related to the placement and funding of individuals in the assisted living facility and (2) business disparagement. The plaintiffs sought actual and exemplary damages, plus attorney's fees.

Blackburne filed an amended motion for summary judgment and sanctions.

The trial court granted Blackburne's summary-judgment motion; rendered judgment for Blackburne; sanctioned Mary Arthur, Paradise Living, Inc., and Legonite, Inc., $3,000; and ordered their attorneys, Ike Okorafor and Larry Boje, to attend 2.5 hours of continuing legal education ethics courses.

Paradise Living, Inc. and Mary Arthur (hereafter referred to collectively as PL/MA) filed a motion to reconsider. Blackburne filed a responsive pleading in which it requested that the trial court deny the motion for reconsideration and grant Blackburne attorney's fees "as sanctions for Plaintiffs' continued violations of Texas Rule of Civil Procedure 13 and §§ 9.011 and 10.001 of the Texas Civil Practice & Remedies Code." The record does not contain an order ruling on PL/MA's motion for reconsideration or Blackburne's request for attorney's fees as sanction.

On March 9, 2018, Blackburne filed a motion for damages and additional fees, arguing that the amount of sanctions imposed earlier was considerably less than the expense to respond to ongoing frivolous filings and would not sufficiently deter such filings in the future.

James Arthur and "entities in his name" filed a "nonparty response" to Blackburne's motion, arguing, first, that the court already lost plenary power before Blackburne filed its motion for damages and additional fees, and second, in the alternative, that the trial court should sanction Blackburne.

On March 28, 2018, the trial court entered an amended summary-judgment and sanctions order. Among other rulings, the order grants Blackburne's amended summary-judgment motion; renders judgment for Blackburne on PL/MA's claims; grants Blackburne summary judgment on its breach-of-contract claim and awards

attorney's fees on that claim; finds that PL/MA and their attorneys, Larry Boje and Ike Okorafor failed to comply with Chapter 10 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 13; and orders Boje and Okorafor to attend 2.5 hours of continuing legal education on ethics as a sanction.

PL/MA appeal.

## Trial Court's Plenary Power

In their third issue, PL/MA argue that the "trial court erred in granting defendant's motion for new trial more than 75 days after judgment," citing Civil Procedure Rule 329b. We understand their argument to be that plenary power expired following the trial court's entry of its first summary judgment order, making its subsequent amended summary-judgment and sanction order void.

The trial court initially granted Blackburne summary judgment on December 20, 2017. That order states that it is a final judgment. The trial court retained jurisdiction for 30 days after signing the final judgment. TEX. R. CIV. P. 329b(d). PL/MA extended plenary power by timely filing a motion for reconsideration. TEX. R. CIV. P. 329b(e), (g); *In re T.G.*, 68 S.W.3d 171, 176–77 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (orig. proceeding). Their filing extended the trial court's plenary power until 30 days after their motion was overruled. TEX. R. CIV. P. 329b(e); *In re T.G.*, 68 S.W.3d at 176–77. Because the trial court did not expressly rule on their 329b motion, their motion was overruled as a matter of law

75 days after the judgment was signed. TEX. R. CIV. P. 329b(c); *see In re T.G.*, 68 S.W.3d at 176–77.

Under these facts, the trial court's plenary power extended 105 days after the December 20, 2017 final judgment was signed; thus, plenary power extended to early April 2018. The trial court signed the judgment granting Blackburne's amended summary-judgment motion and ordering sanctions on March 28 while it retained plenary power.

We overrule issue three.

### Take-Nothing Judgment on PL/MA's Two Causes of Action

In their first and fifth issues, PL/MA contend the trial court erred in granting summary judgment to Blackburne on their two causes of action and entering a take-nothing judgment against them. PL/MA argue they were two of several plaintiffs asserting a variety of claims against Blackburne in the 2016 suit, they had a right to nonsuit their claims at any time, they nonsuited their claims before the remaining parties attended mediation and settled, they were not parties to the settlement, their claims are not the same as those that did settle, and, as a result, res judicata does not apply to bar their second suit against Blackburne. PL/MA's argument fails for several reasons.

First, it is immaterial that PL/MA nonsuited their affirmative claims for relief before the settlement. Because the nonsuit was without prejudice, PL/MA

8

had the ability to reassert their claims at any time so long as the limitations period had not expired. *See Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806 (Tex. 1993) ("Subject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief."). A person or entity with a legal claim does not have to have a lawsuit pending to settle its claims. *See Banda v. Garcia*, 955 S.W.2d 270 (Tex. 1997) (affirming judgment enforcing presuit settlement).

Second, PL/MA's claims against Blackburne were not the only claims for affirmative relief between those three parties. Blackburne filed its original answer and, in it, asserted a counterclaim against PL/MA for breach of contract based on assertions that they had failed to tender payments due under the terms of the settlement agreement. Blackburne asserted its counterclaim before PL/MA nonsuited their claims. While PL/MA had the right to nonsuit their claims when they did so, their nonsuit did not also extinguish Blackburne's pending claim for affirmative relief. *See Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). PL/MA were still parties to the litigation even after they nonsuited their claims: they were counter-defendants.

Third, PL/MA were named as parties to the settlement agreement and the agreed final judgment. Their attorney approved both pleadings "as to form and substance" on their behalf. The agreed final judgment specifically lists PL/MA as

9

parties and states that it "finally disposes of all Parties and all claims. Such disposal includes but is not limited to claims or defenses that were filed in this lawsuit or could or should have been filed in this lawsuit."

Thus, at the time of settlement and rendition of judgment, PL/MA had unlitigated claims against Blackburne, Blackburne had pending claims against them, and all parties had agreed to dispose of their "claims or defenses that were filed . . . or could or should have been filed" and to rendition of an agreed final judgment. PL/MA's assertion that they were no longer litigants and therefore could not have been parties to the settlement is unavailing.

The parties settled their claims and agreed to entry of a final judgment. Any future efforts to reassert the same adjudicated claims or related matters that should have been litigated in the prior suit would be barred by res judicata. *See Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) ("Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit.").

The elements of res judicata are (1) a final prior judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them, and (3) a subsequent action based on the same claims raised or those that could have been raised in the first action. *Amstadt v. United States Brass Co.*, 919

10

S.W.2d 644, 652 (Tex. 1996). Here, Blackburne established there was a prior judgment, PL/MA were parties to the agreed final judgment, and the claims asserted in their 2017 suit could have been (and were, earlier on) raised in the first action. PL/MA's claims are barred by res judicata. The trial court did not err in granting Blackburne's summary-judgment motion and entering a take-nothing judgment against PL/MA on their two causes of action.

We overrule issues one and five.

## Sanctions

In their final two issues, PL/MA argue the trial court erred by imposing sanctions on their attorneys for filing their second lawsuit. They contend it was not groundless or in bad faith to refile their suit because they had a right to nonsuit their claims in the first suit.

## A.    Standard of review and applicable law

We review the imposition of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). We may reverse the trial court's ruling only if it acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* To determine if the sanctions were appropriate or just, we must ensure there is a direct nexus between the improper conduct and the sanction imposed. *Id.* We generally presume that pleadings and

11

other papers are filed in good faith, and the party seeking sanctions bears the burden of overcoming this presumption of good faith. *Id.*

There are several sources of authority for a trial court to impose sanctions on a party or a party's attorney. *See, e.g.*, TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ch. 9, 10. Chapter 10 provides that the signing of a pleading or motion constitutes a certificate by the signatory that, to the signatory's best knowledge, information, and belief—formed after reasonable inquiry—the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation, and, among other things, each claim, defense, or other legal contention is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law. TEX. CIV. PRAC. & REM. CODE § 10.001. A court that determines a signatory violated Section 10.001 may impose sanctions on the signatory, a party represented by the signatory, or both. *Id.* § 10.004(a). The sanction may include a directive to perform or refrain from an act, an order to pay a penalty into the court, and an order to pay the opposing litigant the amount of reasonable expenses incurred because of the filing, including reasonable attorney's fees. *Id.* § 10.004(c).

**B.** **Trial court did not abuse discretion in ordering sanctions**

The trial court found that PL/MA filed their second suit while aware of the proceedings and pleadings in the first suit and did so for purposes of harassment and to delay enforcement of the agreed final judgment. The trial court found that PL/MA's attorneys, Larry Boje and Ike Okorafor, failed to comply with Chapter 10 of the Civil Practice and Remedies Code and with Rule 13 of the Rules of Civil Procedure. The trial court found that good cause existed to assess sanctions against them and ordered Boje and Okorafor to attend 2.5 hours of continuing legal education on ethics. The trial court did not impose any monetary sanctions on PL/MA or their attorneys, and it did not sanction PL/MA at all.

As discussed above, PL/MA had unlitigated claims against Blackburne that they settled. And Blackburne had a pending claim against PL/MA that it settled. All parties agreed to rendition of an agreed final judgment disposing of their claims. On the same day that judgment was entered, PL/MA filed a second suit asserting the same claims they settled. This required Blackburne to incur additional attorney's fees and expenses to enforce its rights under the settlement agreement and the terms of the agreed final judgment.

Blackburne established the amount of attorney's fees incurred in litigating already settled claims and moving for and obtaining judgment on res judicata grounds. Blackburne provided summary judgment evidence of $57,286 in

attorney's fees and $1,437.21 in expenses through entry of judgment in the second suit. Blackburne's counsel, John Michael Raborn, averred that the time spent and fees charged were reasonable and necessary.

Section 10.004(a) permits a trial court to impose sanction against a signatory whom the trial court determines has, after reasonable inquiry, signed a pleading for any improper purpose (including to harass or to cause unnecessary delay) or to raise a claim or defense that is not warranted by existing law or a nonfrivolous argument for change in existing law or the establishment of a new law. TEX. CIV. PRAC. & REM. CODE §§ 10.001, 10.004(a).

The underlying suit involved a foreclosure for nonpayment of mortgage payments. The settlement agreement established new deadlines for the mortgage payments. When those payments were not made and Blackburne took steps to foreclose on the property as permitted under the terms of the agreed final judgment, PL/MA filed a second lawsuit asserting the same claims they just settled. At the sanctions hearing, counsel argued that it was seeking to have the court in the second lawsuit review the merits of the first lawsuit. There is no basis in law to do so.[1] Counsel also stated, at the sanctions hearing, "I have yet to see any counterclaim the defendant is referring to." But the original answer contained

---

[1]    Further, Blackburne pointed to counsel's affidavit that is not in the record but is described by Blackburne's counsel as stating a desire to pursue additional litigation to delay foreclosure. Whether this affidavit is in the trial court's file, we do not know. We do not find it in the appellate record.

14

Blackburne's counterclaim. Blackburne argued there was no other purpose for the second suit than harassment and delay of foreclosure.

We conclude the trial court did not err in concluding that Boje and Okorafor violated Section 10.001. The trial court reasonably could have concluded that a reasonable inquiry by counsel would have revealed the plaintiffs' claims were barred by res judicata because they were parties to the agreed final judgment. The trial court reasonably could have concluded further that, without any nonfrivolous basis for relitigating settled claims, those claims were pursued for an improper purpose, such as to harass or delay. The trial court was within its discretion to infer that the second suit was filed to harass and delay. *See Ketterman v. Texas Dep't of Family & Protective Servs.*, No. 01-12-00883-CV, 2014 WL 7473881, at \*13 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.) (stating that "trial court could reasonably infer from this testimony and evidence that [the attorney] filed the second amended petition in bad faith or with the intent to harass"). The trial court did not abuse its discretion in imposing sanctions under Section 10.004(a).

Pl/MA do not challenge the type of sanction imposed, only the propriety of a sanction order. Because we have held that the trial court did not abuse its discretion in issuing a sanction order under Chapter 10, we do not reach the other bases for sanctions listed in the trial court's order. *See Zeifman v. Nowlin*, 322 S.W.3d 804,

15

809 (Tex. App.—Austin 2010, no pet.) (stating trial court's imposition of sanctions can be affirmed on any legal basis relied upon by court).

We overrule issues two and four.

## Conclusion

We affirm.

Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.