In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00477-CV
_____

AMEC FOSTER WHEELER USA CORPORATION, Appellant

V.

KEVIN GOATS, LORI GOATS, AND AFSHIN FARSHAD, Appellee

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-198,294

MEMORANDUM OPINION

This is an interlocutory appeal of the trial court's order denying AMEC Foster Wheeler USA Corporation's (Foster Wheeler) motion to dismiss for the failure of Kevin Goats, Lori Goats, and Afshin "Sean" Farshad (Appellees) to file a certificate of merit with their first-filed complaint in which Foster Wheeler is named as a

1

defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 150.001–.002 (West 2019).[1] The trial court denied the motion to dismiss as moot after Appellees amended their allegations against Foster Wheeler. Foster Wheeler presents three issues on appeal asserting: (1) the trial court erred when it denied Foster Wheeler's motion to dismiss as moot; (2) the trial court abused its discretion when it denied Foster Wheeler's motion to dismiss pursuant to section 150.002 because Appellees failed to file a certificate of merit as to Foster Wheeler with their petition; and (3) the court should dismiss the claims against Foster Wheeler with prejudice. *See id.* We reverse the trial court's order and remand for further proceedings consistent with this opinion.

## I. Background

Appellees Kevin Goats (Goats) and Afshin Farshad (Farshad) worked as operators for TOTAL.[2] On June 21, 2015, as they attempted to clear a plugged strainer on the Sour Water Pump System, hot steam sprayed them. Appellees sued for damages and named Foster Wheeler as a defendant in their second amended

---

[1] The legislature recently amended Texas Civil Practice and Remedies Code sections 150.001–.002. These amendments became effective on June 19, 2019, but are applicable to actions filed on or after the effective date and do not impact the outcome of this appeal.

[2] Lori Goats is Kevin Goats's wife. She sued for loss of household services and loss of consortium.

petition, together with Fluor Corporation (Fluor).[3] For clarity, we will refer to this pleading as the first-filed complaint.

In their first-filed complaint, Appellees included identical allegations against each defendant. They alleged the Sour Water Pump System was defectively designed in that it lacked a bleeder valve that would have relieved the pressure trapped upstream. They also asserted causes of action for a manufacturing defect, marketing defect, negligence, and breach of implied warranty of merchantability. Appellees specifically complained they "relied on Defendants['] skill and judgment to furnish a suitable system that was fit for the ordinary purpose for which it was used." Appellees did not contemporaneously include a certificate of merit as to either defendant with their first-filed complaint.

Foster Wheeler filed a motion to dismiss Appellees' claims with prejudice for Appellees' failure to comply with Chapter 150 of the Texas Civil Practice and Remedies Code and attached evidence establishing that Foster Wheeler is a company that provides professional engineering services.[4] Appellees amended their petition

---

[3] The record before us does not contain Appellees' original petition or their first amended petition; however, prior to filing their first-filed complaint, they filed a petition for authorization to conduct Rule 202 depositions and a first amended petition for authorization to conduct Rule 202 depositions. *See* Tex. R. Civ. P. 202.

[4] Prior to Foster Wheeler filing its motion to dismiss, Fluor also filed a motion to dismiss based on section 150.002 and Appellees' failure to contemporaneously file a certificate of merit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (e)

3

to allege that Foster Wheeler had a "non-engineering role" and was negligent in a non-engineering capacity. The fourth amended petition omitted all claims of design defects and asserted claims against Foster Wheeler for negligently installing, maintaining, inspecting, assembling, supervising, providing adequate support/personnel, training, and providing instructions related to the Sour Water Pump System.

Appellees filed a motion to continue the hearing on Foster Wheeler's motion to dismiss, arguing they needed more time to conduct discovery. At the hearing, Appellees asserted that they "just don't have those answers yet" to determine "whether or not Chapter 150 applies[.]" The trial court granted the continuance. After Appellees obtained a continuance of the hearing on Foster Wheeler's motion to dismiss, Foster Wheeler responded to discovery stating it did not participate in the design or construction of the Sour Water Pump System at issue, but the company did have a contract to perform engineering work at the plant.

At the rescheduled hearing on the motion to dismiss, Appellees' argued that because Foster Wheeler represented in its discovery responses that it had nothing to

---

(West 2019). Subsequently, Appellees acknowledged they should have provided a certificate of merit as to Fluor, characterizing it as "an honest mistake" and agreed to dismiss the claims against Fluor without prejudice. Flour subsequently settled with Appellees for an undisclosed amount.

do with designing the system at issue, a certificate of merit under Chapter 150 was not required. The trial court's order denying Foster Wheeler's motion to dismiss stated "the Court is of the opinion that said motion is moot and should be DENIED." Foster Wheeler timely appealed.

## II. Standard of Review

A trial court's denial or grant of a motion to dismiss pursuant to section 150.002 is immediately appealable. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f). We review a trial court's order denying a section 150.002 motion to dismiss for an abuse of discretion. *See Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church, Vidor*, 551 S.W.3d 320, 322 (Tex. App.—Beaumont 2018, no pet.) (citations omitted); *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342–43 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). "If a trial court acts arbitrarily or unreasonably, without reference to any guiding rules and principles, it constitutes an abuse of discretion." *Barron, Stark & Swift*, 551 S.W.3d at 322 *(citing Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). A court abuses its discretion if it fails to analyze or apply the law correctly. *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citations omitted). If our review necessitates statutory interpretation, we conduct that review *de novo*. *See Jaster v. Comet II Const., Inc.*,

438 S.W.3d 556, 562 (Tex. 2014) (citation omitted); *Barron, Stark & Swift*, 551 S.W.3d at 322 (citations omitted).

## III. Analysis

### A. Issue One: Mootness

When an appeal is moot, we must dismiss it, because appellate courts lack jurisdiction to decide moot controversies. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (citation omitted). Since mootness implicates our jurisdiction to consider this appeal, we address it first.

Section 150.002 of the Texas Civil Practice and Remedies Code requires that in actions for damages arising from the provision of professional services by a licensed or registered architect, engineer, or surveyor, a plaintiff must file an affidavit attesting to the claim's merit. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a); *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 299 (Tex. 2013). "The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e). A section 150.002(e) dismissal is a sanction with the purpose of deterring meritless claims and quickly ending them. *CTL/Thompson Tex., LLC*, 390 S.W.3d at 301.

6

In *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, the trial court denied the defendant's Chapter 150.002 motion to dismiss, but the plaintiff nonsuited its claims before the appeal could be decided. *Id.* at 300. The Texas Supreme Court considered the issue of whether a defendant's appeal from a trial court's refusal to dismiss an action under Section 150.002(e) is mooted by the plaintiff's nonsuit. Here, after Foster Wheeler filed its motion to dismiss, Appellees amended their complaint against Foster Wheeler purportedly to omit any specific allegation against that company arising from the provision of any engineering services, effectively nonsuiting any such claims. *See FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 632 (Tex. 2008)(explaining that filing an amended petition omitting a cause of action "effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed"). In holding the plaintiff's nonsuit did not render moot the defendant's motion to dismiss based on section 150.002, the Texas Supreme Court explained that the provision for dismissal of the complaint with prejudice is a sanction mandated by Chapter 150. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e). A motion for sanctions is a claim for affirmative relief which survives a nonsuit if the nonsuit would defeat the purpose of sanctions. *See CTL/Thompson Tex., LLC*, 390 S.W.3d at 300 (citing *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806–807 (Tex. 1993)). The Court

7

further explained that a sanction for filing a frivolous lawsuit survives a nonsuit, otherwise its imposition would rest completely with plaintiffs, thus defeating the purpose of the provision. *Id.* (citing *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596–597 (Tex. 1996)). The Court reasoned that section 150.002(e) contemplates the possibility of further relief in a dismissal with prejudice. *Id.* at 301. Therefore, filing an amended petition to attempt to plead around the requirements of Chapter 150 for an affidavit of merit will not moot a motion to dismiss under that statute.

We conclude that the trial court erred in determining Foster Wheeler's motion to dismiss was moot. We sustain issue one.

## B. Issue Two: Denial of Motion to Dismiss

A certificate of merit must be filed with the first-filed complaint if the claims arise out of the provision of professional services by a licensed or registered engineer. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). In analyzing whether claims arise out of the "provision of professional services[,]" we look to the allegations contained in the plaintiff's pleadings. *TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 79 (Tex. App.—Dallas 2014, pet. denied) (citations omitted); *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 810 Tex. App.—Houston [1st Dist.] 2011, no pet.) (explaining that courts examine the

8

substance of the plaintiff's pleadings to determine if their cause of action arises out of the provision of professional services). We are not bound by the labels that the plaintiffs use in formulating their pleadings, but we look to the underlying nature of the claim. *See Carter*, 355 S.W.3d at 410.

### 1) Provision of Professional Engineering Services

As to the meaning of "the provision of professional [engineering] services," the Texas Occupations Code's definition of the practice of engineering provides guidance. *See TDIndustries, Inc. v. Citicorp N. Am., Inc.*, 378 S.W.3d 1, 5 (Tex. App.—Fort Worth 2011, no pet.) (citations omitted). "Practice of engineering" is defined as "the performance of . . . any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." Tex. Occ. Code Ann. § 1001.003(b) (West 2012). The practice of engineering includes design or conceptual design of engineering works or systems; development of plans and specifications for engineering works or systems; a service, design, analysis, or other work performed in connection with a utility, structure, building, machine, equipment, process, system, work, project, or industrial or consumer product or equipment of a mechanical, electrical, electronic, chemical, hydraulic, pneumatic,

geotechnical, or thermal nature; and "any other professional service necessary for the planning, progress, or completion of an engineering service." *Id.* § 1001.003(c); *see also TDIndustries, Inc.*, 378 S.W.3d at 5.

Appellees alleged the following in their first-filed complaint in this suit against Fluor and Foster Wheeler:

> 10. There was a design defect in the system at the time it left the possession of FLUOR CORPORATION and AMEC FOSTER WHEELER USA CORPORATION. More specifically, the design of the system lacked a bleeder valve to relieve pressure trapped upstream of the strainer basket.
> 11. The design defect rendered the system unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved.
> 12. There was a safer alternative design that in reasonable probability would have prevented or significantly reduced the risk of the injuries in question without substantially impairing the product's utility. The alternative design was economically and technologically feasible at the time the product left the control of FLUOR CORPORATION and AMEC FOSTER WHEELER USA CORPORATION.
> 13. The above design defect was a producing cause of the injury made the basis of this suit.
>
> . . .
>
> 14. There was a manufacturing defect in the system at the time it left the possession of FLUOR CORPORATION and AMEC FOSTER WHEELER USA CORPORATION. The system deviated in its construction or quality in a manner that rendered it unreasonably dangerous.
> 15. The manufacturing defect rendered the system dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

16. The above manufacturing defect was a producing cause of the injury made the basis of this suit.

. . .

17. The system had a marketing defect at the time it left the possession of FLUOR CORPORATION and AMEC FOSTER WHEELER USA CORPORATION.

18. There were not adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known. FLUOR CORPORATION and AMEC FOSTER WHEELER USA CORPORATION failed to give adequate instructions to avoid such dangers. This lack of warning and instructions rendered the product unreasonably dangerous.

19. The manufacturing defect rendered the system dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

20. The above marketing defect was a producing cause of the injury made the basis of this suit.

. . .

21. FLUOR CORPORATION and AMEC FOSTER WHEELER USA CORPORATION were negligent in the design, manufacture, and marketing of the sour water pump ("system").

22. FLUOR CORPORATION and AMEC FOSTER WHEELER USA CORPORATION's negligence was a proximate cause of the injuries to the [Appellees].

. . .

23. [Appellees] relied on Defendants skill and judgment to furnish a suitable system that was fit for the ordinary purpose for which it was used.

24. FLUOR CORPORATION and AMEC FOSTER WHEELER USA CORPORATION's breach of the implied warranty of merchantability was a proximate cause of the injuries to the [Appellees].

11

Discerning the underlying nature of the claims pleaded in Appellees' first-filed complaint, we conclude Appellees' claims "arose out of the provision of professional [engineering] services" as revealed by their contention that Foster Wheeler was "negligent in the design, manufacture, and marketing of the sour water pump ('system')" and the allegation that they relied on "[Appellants'] *skill and judgment* to furnish a suitable system that was fit for the ordinary purpose for which it was used." (Emphasis added.) If the cause of action is based on a breach of the standard of care by a professional engineering company, then the claim "arose out of the provision of professional [engineering] services[,]" without regard to how it is labeled.

We disagree with Appellees' assertion that Foster Wheeler's discovery responses established that an affidavit of merit was not required when they filed their first-filed complaint in this suit. In a similar case, the Fort Worth Court of Appeals concluded "that discovery has no bearing on whether a certificate of merit is required" where the plaintiff argued a defendant could not invoke a dismissal for failure to file a certificate of merit when the defendant's discovery responses denied having any engineering obligations. *See TDIndustries, Inc.*, 378 S.W.3d at 6. The court reasoned that the statute contemplates that the determination of whether a certificate of merit is required occurs at the time the claim is filed, not after

12

discovery. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) ([T]he plaintiff shall . . . file with the complaint an affidavit of a third-party . . . licensed professional engineer[.]"). The Fort Worth Court further concluded "the proper approach when determining whether a certificate of merit is required is to look solely at the pleadings to determine the nature of the claim and not at discovery between the parties." *TDIndustries, Inc.*, 378 S.W.3d at 6. We agree the statutory language plainly indicates that the certificate of merit shall be filed with the complaint, before the parties undertake discovery. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a).

Appellees' argue Foster Wheeler did not provide engineering services on this particular system, and since that company did not provide engineering services on this system, Appellees were not required to file a certificate of merit. This is the type of situation the certificate of merit requirement attempts to guard against. "The certificate-of-merit requirement is a substantive hurdle that helps ensure frivolous claims are expeditiously discharged." *LaLonde v. Gosnell*, No. 16–0966, 2019 WL 2479172, at *1 (Tex. June 14, 2019) (citations omitted). "The certificate of merit must provide a factual basis for the allegations of professional errors or omissions." *CBM Eng'rs, Inc.*, 403 S.W.3d at 345 (citing *M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 506 (Tex. App.—Austin 2012, pet. denied). If Appellees were unaware of Foster Wheeler's role in the system at issue, logically they would be

unable to articulate allegations of professional error or omissions against Foster

Wheeler. *See id.*

"Courts have consistently interpreted this language as requiring plaintiffs to file a certificate of merit with a 'first-filed petition' as to the defendants [to] which a section 150.002 claim applies."[5] *Barron Stark & Swift*, 551 S.W.3d at 322 (citing *Envirobusiness*, 463 S.W.3d at 77; *JJW Dev., L.L.C. v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 576 (Tex. App.—Dallas 2012, pet. denied); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). Appellees contend their fourth amended petition alleged Foster Wheeler had a "non-engineering" role. [6] This is immaterial as Appellees' first-filed complaint against

---

[5] While not applicable to this lawsuit, the recent statutory amendments to section 150.001 support this interpretation. The amended statute defines complaint as "any petition or other pleading which, for the first time, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional." *See* Act of May 23, 2019, 86th Leg., R.S., ch. 661 §§ 1–2, sec. 150.001–.002, 2019 Tex. Sess. Law Serv. 1928 (West) (to be codified at Tex. Civ. Prac. & Rem. Code Ann. § 150.001(1–b)).

[6] Appellees' fourth amended petition dropped the defective design, manufacturing, and marketing claim along with the breach of implied warranty of merchantability claims. It also asserts Foster Wheeler had a "non-engineering role." However, we look to the substance of the claims. *See TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 79 (Tex. App.—Dallas 2014, pet denied) (citations omitted) (explaining courts "are not bound by the labels the plaintiff uses in formulating its pleadings" but rather, "examine the 'substance' of the plaintiff's pleadings"). Despite their contention they were no longer asserting claims for an engineering role, in their fourth amended petition, Appellees maintain Foster

14

Foster Wheeler involved claims invoking chapter 150 and Appellees' certificate of merit was required to have been filed contemporaneously with their first-filed complaint.

### 2) Licensed or Registered Professional

The defendant must also be a licensed or registered professional. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). Foster Wheeler provided a certification with their motion to dismiss showing it is currently registered in the State of Texas to "offer and perform engineering services" along with a roster from the Texas Board of Professional Engineers of its employees and affidavit testimony stating it has employed licensed professional engineers for decades. Therefore, Foster Wheeler qualifies as a "licensed or registered professional[.]" *See id.*

Because Appellees' claims arose out of the provision of professional services by a licensed or registered engineer, the certificate of merit requirement applies. *Id*. § 150.002(a), (b). "A plaintiff 'shall' file an affidavit of a qualified third party in the

Wheeler was negligent in its installation, inspection, maintenance, assembly, and fabrication of the system and further complains Foster Wheeler failed to provide trained personnel and provide adequate instructions for the system. Even these allegations fall within "*other work* performed for a . . . private entity in connection with . . . equipment, process, *system*, work, project or industrial or consumer product or equipment of a mechanical, electrical, electronic, chemical, hydraulic, pneumatic, geotechnical, or thermal nature[.]" *See* Tex. Occ. Code Ann. § 1001.003(c)(10) (West 2012) (emphasis added). Accordingly, these claims implicate the provision of engineering services.

same profession; the affidavit must substantiate the plaintiff's claim on each theory of recovery." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 387 (Tex. 2014) (citing Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (b)). Failure to file this certificate of merit results in dismissal, which may be with or without prejudice. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e); *see also Crosstex*, 430 S.W.3d at 387.

The use of the word "shall" in section 150.002(a) indicates a plaintiff must file the described affidavit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). Similarly, the use of the word "shall" in section 150.002(e) requires a trial court to dismiss the case if a plaintiff fails to file the necessary affidavit. *See id.* § 150.002(e); *see also Miramar Petroleum, Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 217 (Tex. App.—Corpus Christi 2016, pet. denied) (noting "a trial court is required to dismiss a complaint if the plaintiff did not file a certificate of merit in compliance with the statute"). The statute required Appellees to file a certificate of merit with their first-filed complaint. Because they failed to do so, the statute required the trial court to dismiss the complaint. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e); *see also Miramar Petroleum, Inc.*, 484 S.W.3d at 217.

Finally, we note that Appellees conceded they should have filed a certificate of merit as to Fluor in response to a similar 150.002 motion to dismiss, yet they

16

maintain they were not required to file one with respect to Foster Wheeler. Considering the identical nature of Appellees' claims against Fluor and Foster Wheeler, Appellees' position that a certificate of merit was required as to Fluor but not for the claims against Foster Wheeler is untenable. The trial court abused its discretion in denying Foster Wheeler's motion to dismiss based on section 150.002. Therefore, we sustain the Appellant's second issue.

## C. Issue Three: Dismissal With or Without Prejudice

A trial court has the discretion to determine if the dismissal will be with or without prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e); *CTL/Thompson Tex., LLC*, 390 S.W.3d at 301 (noting 150.002(e) provides no guidance on how the trial court should exercise its discretion in determining to dismiss an action with prejudice or without); *Barron, Stark & Swift*, 551 S.W.3d at 325 (remanding case to trial court to determine whether dismissal should be with or without prejudice). Having determined the trial court abused its discretion in denying Foster Wheeler's section 150.002 motion to dismiss, we remand to the trial court for the trial court to determine if the dismissal should be with or without prejudice.

## IV. Conclusion

We conclude Foster Wheeler's motion to dismiss Appellees' action for failure to file a certificate of merit was not moot, and the trial court abused its discretion by

17

denying the motion. We reverse the trial court's order of November 30, 2018, and remand to the trial court to determine whether such dismissal should be with or without prejudice.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on April 9, 2019
Opinion Delivered August 22, 2019

Before Kreger, Horton and Johnson, JJ.