**Norbert FELDERHOFF, Appellant,**

v.

**Louise Felderhoff KNAUF, Marie Felderhoff Spaeth, and Della Rose Felderhoff Voth, Appellees.**

**No. 2–90–028–CV.**

Court of Appeals of Texas, Fort Worth.

April 1, 1992.

Rehearing Overruled May 5, 1992.

Richard H. Kelsey, Denton, for appellant.

Law Offices of R. Jack Ayers, Jr., P.C., R. Jack Ayers, Jr., Thomas V. Murto III, Dallas, for appellees.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION ON REMAND

HILL, Justice.

Norbert Felderhoff appeals from an order granting $20,000 in compensatory monetary discovery sanctions in favor of Louise Felderhoff Knauf, Marie Felderhoff Spaeth, and Della Rose Felderhoff Voth, the appellees. He contends in a single point of error that the trial court abused its discretion in ordering the sanctions because there was no competent evidence upon which to base the amount of the sanctions; the court used the wrong standard for determining the application of sanctions; and the amount of the sanctions was grossly disproportionate to the alleged discovery violation, making the sanction arbitrary and unreasonable.

We reverse and remand because we hold that there was not a direct relationship between any offensive conduct and the sanction imposed, and because we hold that the sanction imposed was therefore excessive.

Previously, we dismissed Felderhoff's appeal of this sanction order, holding that Felderhoff's action in taking a voluntary nonsuit subsequent to the sanctions being imposed foreclosed his right to appeal. *Felderhoff v. Knauf,* No. 2–90–028–CV (Tex.App.—Fort Worth, June 12, 1991, writ granted) (not designated for publication). The Supreme Court reversed and remanded, holding that the voluntary nonsuit taken by Felderhoff did not preclude his appeal of the sanction that had been imposed.

*Felderhoff v. Knauf,* 819 S.W.2d 110 (Tex. 1991) (per curiam).

The underlying suit is a will contest with Felderhoff being the contestant and the appellees the proponents of the will. Felderhoff had alleged that the testatrix lacked testamentary capacity, that the will was not signed with all legal formalities, that it breached a contract for mutual wills with the testatrix' deceased husband, that the will was obtained by fraud, that the testatrix acted under the undue influence of the proponents, and that the testatrix labored under an insane delusion at the time she executed the will.

The appellees asked Felderhoff in interrogatories to identify all persons who have knowledge of the facts involved in his various allegations. The appellees defined "identify" in their interrogatories to include the address and telephone number of the person whose identity is requested.

Felderhoff's responses indicated the names of numerous individuals, including some not specifically identified by name, but did not contain any telephone numbers or addresses. The appellees, after investigation, discovered that several of the individuals supported their contentions, rather than the position of Felderhoff.

Subsequently, the appellees filed a motion for sanctions. In their motion they allege that the action of Felderhoff in answering their interrogatories in the manner in which he answered them caused the appellees a great deal of expense. They alleged that they hired a private investigator to track down all of the witnesses, only to discover that some had no knowledge of the circumstances surrounding the signing of the will and that some of the witnesses supported their position that the testatrix had testamentary capacity and that she was not unduly influenced at the time she executed the will.

■ Whether an imposition of sanctions is just is measured by two standards. *Transamerican Natural Gas v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). "First, a direct relationship must exist between the offensive conduct and the sanction imposed." *Id.* "Second, just sanctions must

not be excessive." *Id.* This case was decided after briefs were filed in this case.

Our record reflects that the $20,000 sanction imposed reflects the cost in attorney's fees and other expenses that the appellees contend they incurred because of the way Felderhoff answered the interrogatories.

■ Felderhoff's answers to the interrogatories were deficient in that he did not give the telephone number and address of each witness as requested in the interrogatory. The appellees contend that they are also deficient because so many of the individuals listed supported their position in the lawsuit, as opposed to that of Felderhoff. We disagree. As we have previously noted, the interrogatories asked Felderhoff for the names, addresses, and telephone numbers of all persons having knowledge of the facts involved in his various allegations. They did not, as apparently contended by the appellees, ask Felderhoff to list only those persons having knowledge of the facts who agreed with his allegations. Consequently, Felderhoff did not answer the question incorrectly by listing those with knowledge of relevant facts whose testimony might be favorable to the appellees.

It would appear from the record that a good portion of the $20,000 sanction imposed was for expenses required of the appellees in ascertaining which of the individuals listed might have knowledge favorable to Felderhoff. Therefore, the sanction imposed did not bear a direct relationship between the offensive conduct, the omission of the telephone numbers and addresses, and the sanction imposed. As a result, the sanction was excessive. We therefore hold that the trial court abused its discretion in assessing the sanction.

■ Felderhoff testified that those listed included everyone who "knew something about mother," that he did not list anyone who he thought did not have any knowledge about the relevant facts. The appellees complain that Felderhoff did not investigate before answering to see who had knowledge of relevant facts. Rule 166b(2)(d) of the Texas Rules of Civil Pro-

cedure provides that a party may obtain discovery of the identity and location, including name, address, and telephone number, of any potential party and of persons having knowledge of relevant facts. The rule further provides that a person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter. The use of the term "may" indicates that the answering party, so long as that party is answering truthfully and in good faith, does not have the burden of ascertaining that the potential witness actually does have such knowledge. The record before us does not support a conclusion that Felderhoff exercised bad faith in listing the persons that he listed. We sustain point of error number one.

The order imposing sanctions is reversed and the sanctions issue remanded.