

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00158-CV

_____

MICHAEL MOATES, Appellant

V.

GREG ABBOTT, IN HIS CAPACITY AS GOVERNOR OF THE STATE OF TEXAS; KEN PAXTON, IN HIS CAPACITY AS ATTORNEY GENERAL OF THE STATE OF TEXAS; TEXAS DEPARTMENT OF LICENSING AND REGULATION; MICHAEL ARISMENDEZ, IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF THE TEXAS DEPARTMENT OF LICENSING AND REGULATION; BRAD BOWMAN, IN HIS CAPACITY AS GENERAL COUNSEL OF THE TEXAS DEPARTMENT OF LICENSING AND REGULATION; AND TEXAS COMMISSION ON LICENSING AND REGULATION, Appellees

_____

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 22-3236-431

_____

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Michael Moates sued two State agencies and several State officials in their official capacities (collectively, the State) and filed this appeal from an interlocutory ruling denying his temporary-injunction request. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). We notified the parties by letter that we were concerned that we lacked jurisdiction over this appeal because the trial-court clerk had informed us that the trial-court judge had not signed an order in this case. Because it appeared that there was no final judgment or appealable interlocutory order and that Moates's notice of appeal was thus premature, we warned that we could dismiss the appeal for want of jurisdiction unless, within 20 days, the parties sent us a signed copy of the order Moates wanted to appeal. *See* Tex. R. App. P. 26.1(a), 27.1(a), 42.3(a), 43.2(f), 44.3, 44.4(a)(2).

Shortly thereafter, the trial-court clerk provided us with a copy of the trial court's order dismissing the case without prejudice upon Moates's notice of nonsuit. We once again notified the parties by letter that we were concerned that we lacked jurisdiction over this appeal, this time because it appeared that Moates lacked standing to appeal as there was no longer a case or controversy between the parties. *See In re Est. of Garza*, No. 13-14-00730-CV, 2015 WL 3799370, at *3 (Tex. App.—Corpus Christi–Edinburg June 18, 2015, no pet.) (mem. op.); *Hirner v. Doe*, No. 12-08-00046-CV, 2009 WL 1871794, at *1 (Tex. App.—Tyler June 30, 2009, no pet.) (mem. op.). We warned that we could dismiss the appeal for want of jurisdiction unless Moates or

any party desiring to continue the appeal filed a response within ten days showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Ten days have passed, and we have not received a response.

A plaintiff may voluntarily dismiss a case or take a nonsuit at any time before all the plaintiff's evidence other than rebuttal evidence has been introduced. Tex. R. Civ. P. 162. A plaintiff has an absolute right to take a nonsuit. *E.g., Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A plaintiff's nonsuit typically moots the entire case or controversy. *See, e.g., Morath v. Lewis*, 601 S.W.3d 785, 788 (Tex. 2020); *Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010); *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006). Exceptions exist, however, such as when a defendant has asserted an independent claim for affirmative relief. *Klein*, 315 S.W.3d at 3 (citing *Gen. Land Off. of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990)); *see, e.g., Villafani v. Trejo*, 251 S.W.3d 466, 468–71 (Tex. 2008) (explaining that plaintiff's nonsuit did not render moot trial court's order denying defendant's motion for dismissal with prejudice and attorney's fees under statute); *Felderhoff v. Knauf*, 819 S.W.2d 110, 110–11 (Tex. 1991) (holding plaintiff's nonsuit did not preclude plaintiff from challenging trial court's order granting

defendants' monetary-sanctions motion against him). But neither Moates nor the State has responded that such a claim exists here.[1]

We are prohibited from deciding moot controversies because the Texas Constitution's separation-of-powers provision prohibits advisory opinions. *See* Tex. Const. art. II, § 1; *Klein*, 315 S.W.3d at 3; *see also Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 164 (Tex. 2004) ("A judicial decision reached without a case or controversy is an advisory opinion, which is barred by the separation of powers provision of the Texas Constitution."). Here, there is no controversy for us to decide because Moates's nonsuit ended the entire case. When a case becomes moot, the parties lose standing to maintain their claims. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also Est. of Garza*, 2015 WL 3799370, at *3 (explaining that when a plaintiff nonsuits his claims, "there is no longer a case or controversy, and the court of appeals has no jurisdiction over the suit").

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: October 13, 2022

---

[1]We have obtained and examined copies of the State's answer and protective-order motion, Moates's nonsuit notice, and the docket sheet, none of which show that the State has asserted any independent claims for affirmative relief.

4